Morgan E. JOHNSON, Petitioner,

v.

Frank O. GUNTER, Director, Nebraska Department of Corrections, Respondent.

No. CV 86–L–229.

United States District Court,
D. Nebraska.

Jan. 8, 1987.

---

Ted Hall, Omaha, Neb. (Court-appointed), for petitioner.

Robert M. Spire, Atty. Gen. and Linda L. Willard, Asst. Atty. Gen., Lincoln, Neb., for respondent.

## MEMORANDUM

LAY, Circuit Judge.[*]

Morgan E. Johnson petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982). Johnson currently is incarcerated at the Nebraska Penal and Correctional Complex in Omaha after a May 6, 1986 plea of guilty to two felony counts of theft by receiving stolen property. His petition, filed on March 14, 1986, however, challenges the Nebraska Board of Parole's revocation of his parole and forfeiture of his good time, both relating to a 1976 conviction in Omaha and confinement in Lincoln for shooting another with intent to kill, wound, or maim.

For the reasons set forth below, the writ of habeas corpus will be denied for mootness.

Johnson originally was convicted on January 20, 1976, in the District Court of Douglas County, Nebraska for shooting an-

other with the intent to kill, wound, or maim. He was sentenced to 12 to 20 years in the Nebraska State Penitentiary. On April 19, 1985, Johnson was granted parole, and he took up residence in Omaha, where he obtained employment at a restaurant. Seven months later, on November 13, 1985, Johnson was arrested by Omaha police and charged with two counts of burglary.

One of the terms of Johnson's parole, of course, was that he refrain from any further criminal activity. *See* Neb.Rev.Stat. § 83–1,116(1) (1981). The burglary arrest thus jeopardized his parole status. After the arrest, Johnson requested a continuance of a preliminary hearing concerning his alleged parole violation, with the understanding that if he was bound over to district court on any charge, probable cause would be established and there would be no need for a preliminary hearing on the parole violation. On November 26, 1985, Johnson was bound over to Douglas County District Court on the two burglary charges.

The Nebraska Board of Parole (the Board) held a parole review hearing in Johnson's case on January 24, 1986, pursuant to Neb.Rev.Stat. § 83–1,120 (1981). After hearing testimony from witnesses, including Johnson, who was represented by attorney Jeffrey L. Marcuzzo, the Board unanimously revoked Johnson's parole.[1] Johnson, who was present at all times during the revocation procedure, was officially notified of the revocation by a letter dated January 27, 1986. In the letter as well as at the revocation hearing no mention was made of any right to appeal the Board's decision. Johnson did not appeal in any Nebraska state court. Johnson also has not brought any action under the Nebraska Post Conviction Act, Neb.Rev.Stat. § 29–3001 to –3004 (1979).

The prosecution later amended the burglary charges against Johnson to two counts of theft by receiving stolen property. Johnson pleaded guilty to those charges on April 11, 1986, and was sen-

---

[*] Sitting as U.S. District Judge by special designation.

1. The Board left the loss of good time to be determined by the parole administration.

tenced to 18 to 40 months in the Nebraska Penal and Correctional Complex.[2]

In support of his petition for a writ of habeas corpus, Johnson argued (1) that his parole revocation before any conviction on the burglary/theft charge violated his fifth, sixth, and fourteenth amendment rights, (2) that loss of accumulated statutory good time violated due process, and (3) that his right to appeal these deprivations was unconstitutionally denied (again, apparently in violation of the fourteenth amendment).

The respondent argues that Johnson has failed to exhaust his remedies in the Nebraska courts. Even if Johnson no longer could seek a state remedy, this federal action is barred by his procedural default, the respondent argues. Moreover, the respondent asserts that no substantive constitutional violation occurred regarding the revocation of Johnson's parole and good time. We do not understand why the state's response filed on May 5, 1986 and its brief dated September 17, 1986, fail to suggest mootness, since on April 11, 1986 Johnson had already pleaded guilty to two felony counts of theft and was sentenced at that time. His conviction clearly moots his claim that his parole and loss of good time should not have been revoked before his conviction. On this basis we need not discuss the issues of exhaustion, cause and prejudice, or the merits. The case is moot and must be dismissed for lack of jurisdiction. *Cf. Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (claim of right to pretrial bail is moot after conviction).

For the foregoing reasons, IT IS SO ORDERED that the writ is dismissed for lack of jurisdiction.

---

**2.** He was given credit for time served since his arrest on November 11, 1985.