Steven H. STERLING, et al., Plaintiffs,

v.

Honorable Edward E. CALVIN, Defendant.

No. S88–0048C.

United States District Court, E.D. Missouri, Southeastern Division.

Aug. 15, 1988.

Eric E. Vickers, Vickers, Moore & Wiest, St. Louis, Mo., for plaintiffs.

John L. Oliver, Jr., Oliver, Oliver, Waltz & Cook, Cape Girardeau, Mo., for defendant.

## MEMORANDUM AND ORDER

LIMBAUGH, District Judge.

This cause is before the Court on defendant's motion to dismiss and for summary judgment. Plaintiffs Steven Sterling, Darlene Williams and Terrie Purl filed this one-count civil action pursuant to 42 U.S.C. § 1983 against Edward E. Calvin, the municipal court judge for the City of Cape Girardeau, Missouri. Plaintiffs allege that Judge Calvin has a practice of incarcerating black criminal defendants without affording them legal counsel in violation of their constitutional rights. Attached to the complaint were affidavits from each plaintiff that he or she had been incarcerated by Judge Calvin without being represented by counsel. Defendant's motion for summary judgment challenges the Court's authority to grant the relief requested, and also includes affidavits and court records that contradict the facts alleged in plaintiffs' complaint.

Under Fed.R.Civ.P. 56, a movant is entitled to summary judgment if he can show "that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden of proof is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op*, 838 F.2d 268, 273–74 (8th Cir.1988). Once the moving party discharges its burden, the non-moving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Indeed, it then bears the burden of setting forth specific facts to show that "there is sufficient evidence favoring [it] for a jury to return a verdict for [it]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If the non-moving party fails to meet that burden, summary judgment should be granted. *City of Mt. Pleasant*, 838 F.2d at 274.

Plaintiffs' complaint seeks the following relief: first, a declaration from the Court that Judge Calvin's actions violated plaintiffs' constitutional rights; second, an injunction preventing Judge Calvin from continuing his alleged unconstitutional practice of denying legal counsel to indigent black defendants; third, plaintiffs' criminal convictions should be set aside and fourth, attorney's fees and costs.

The Court must consider first defendant's contention that plaintiffs do not have standing to bring this action. In *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984), the Supreme Court held that judicial immunity is not a bar to prospective injunctive relief against a judicial officer, nor does judicial immunity bar an award of attorney's fees under 42 U.S.C. § 1988. *Id.* at 541–44, 104 S.Ct. at 1980–82. It is clear, however, that plaintiffs must still satisfy the requirements for injunctive relief enunciated in *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976) and *Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). The Court held in each case that, absent an allegation of a specific threat of being subject to the challenged practices, plaintiffs had no standing to ask for an injunction. *See Allen v. Wright*, 468 U.S. 737, 760, 104 S.Ct. 3315, 3329, 82 L.Ed.2d 556 (1984).

For plaintiffs to prevail in their claim for injunctive relief, they must show that they are likely to be subjected to the unlawful activity in the future. *See, e.g., O'Shea*, 414 U.S. at 497, 94 S.Ct. at 676. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effect." *Id.* at 495–96, 94 S.Ct. at 675–76. The Court in *Lyons* reiterated its holdings in *O'Shea* and *Rizzo* that "past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy." *Lyons*, 461 U.S. at 103, 103 S.Ct. at 1666. Therefore, the Court ruled that the plaintiff lacked standing to bring his claim.

The Supreme Court has recognized an exception to the mootness doctrine where a claim is capable of repetition yet evading review. *Meyer v. Grant*, —— U.S. ——, 108 S.Ct. 1886, 1890 n. 2, 100 L.Ed.2d 425 (1988). A court may exercise jurisdiction over an action if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action gain. *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982). The *Lyons* court specifically rejected that such a possibility existed in that case. *Lyons*, 461 U.S. at 109, 103 S.Ct. at 1669.

Similarly, the Court finds that plaintiffs have not shown that there is a reasonable likelihood that they would be subjected to the same action in the future. For that to occur, they would have to be arrested for a municipal violation in the City of Cape Girardeau, charged with a jailable offense, and sentenced to jail without having an attorney appointed to represent them. As the

Court stated in *O'Shea,* "We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct said to be followed by petitioners." 414 U.S. at 497, 94 S.Ct. at 676. The Court therefore finds that plaintiffs do not have standing to bring this action against Judge Calvin for injunctive relief. As that is their only remedy against a judicial officer under *Pulliam,* the Court must enter judgment in favor of defendant.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion for summary judgment is SUSTAINED. Judgment is entered in favor of defendant and against plaintiffs on the merits of plaintiffs' complaint.