MURPHY, DISTRICT JUDGE, FOURTH JUDICIAL
DISTRICT OF NEBRASKA, DOUGLAS COUNTY *v.*
HUNT

No. 80–2165.   Argued January 18, 1982—Decided March 2, 1982

*Terry R. Schaaf*, Assistant Attorney General of Nebraska, argued the cause for appellant. With him on the brief was *Paul L. Douglas*, Attorney General.

*Bennett G. Hornstein* argued the cause and filed a brief for appellee.*

PER CURIAM.

Appellee Hunt was charged with first-degree sexual assault on a child and three counts of first-degree forcible sexual assault. He appeared on these charges in Omaha Municipal Court where his request for bail was denied.[1] On May 23, 1980, a bail review hearing was held in Douglas County District Court. Relying on Art. I, § 9, of the Nebraska Constitution, Judge Murphy, appellant here, denied Hunt's second application for bail.[2] That section of the Nebraska Constitution provides in relevant part: "All persons shall be bailable . . . except for treason, sexual offenses involving penetration by force or against the will of the victim, and murder, where the proof is evident or the presumption

---

*Briefs of *amici curiae* urging reversal were filed by *James P. Manak, G. Joseph Bertain, Jr., Lloyd F. Dunn, George Nicholson, Robert L. Toms, Donald E. Santarelli, Jack Yelverton, George Deukmejian,* Attorney General of California, and *Richard S. Gebelein,* Attorney General of Delaware, for Laws at Work (L. A. W.) et al.; and by *Daniel J. Popeo* and *Paul D. Kamenar* for the Washington Legal Foundation.

Briefs of *amici curiae* urging affirmance were filed by *Irvin B. Nathan* and *David P. Towey* for the American Civil Liberties Union; by *David Crump* for the Legal Foundation of America; by *Sheldon Portman* for the National Legal Aid and Defender Association et al.; and by *Quin Denvir* and *David R. Lipson* for the Public Defender of California.

[1] Appellee was also charged with several counts of nonsexual felonies and one count of nonforcible sexual assault. Bail was set as to each of these charges.

[2] The court relied as well upon a decision of the Supreme Court of Nebraska holding that Art. I, § 9, of the Nebraska Constitution violates neither the Sixth, Eighth, nor Fourteenth Amendment to the United States Constitution. See *Parker* v. *Roth,* 202 Neb. 850, 278 N. W. 2d 106 (1979).

great." For purposes of his application for bail, Hunt's counsel stipulated that, in this case, "the proof [was] evident and the presumption [was] great."

On June 9, 1980, pending trial on the charges against him, Hunt filed a complaint under 42 U. S. C. § 1983 (1976 ed., Supp. V) in the United States District Court for the District of Nebraska. He claimed that Art. I, § 9, of the State Constitution, limiting bail in cases of first-degree sexual offenses, violated his federal constitutional rights to be free from excessive bail and cruel and unusual punishment, to due process and equal protection of the laws, and to the effective assistance of counsel under the Sixth, Eighth, and Fourteenth Amendments. He sought declaratory and injunctive relief only. On October 17, 1980, the District Court dismissed Hunt's civil rights complaint. Hunt appealed to the Court of Appeals for the Eighth Circuit.

Meanwhile, the prosecutions against Hunt had proceeded. On September 10, 1980—even prior to the District Court decision—and November 5, 1980, he was found guilty of two of the three first-degree forcible sexual assault charges against him. On November 13, 1980, he was sentenced to consecutive terms of 8–15 years in prison for these offenses.[3] On October 8, 1980, again prior to the decision of the District Court, Hunt was convicted of first-degree sexual assault on a child. On December 11, 1980, he was sentenced to 12–15 years in prison on this charge. Hunt appealed each of these convictions to the Nebraska Supreme Court and each of these appeals remains pending before that court.

On May 13, 1981, the Court of Appeals for the Eighth Circuit decided Hunt's appeal from the dismissal of his § 1983 claim. *Hunt* v. *Roth*, 648 F. 2d 1148 (1981). The court reversed the District Court and held that the exclusion of violent sexual offenses from bail before trial violates the Excessive Bail Clause of the Eighth Amendment of the United

---

[3] The remaining first-degree sexual assault charge against him was dismissed on December 11, 1980.

States Constitution.[4]  Because we find that Hunt's constitutional claim to pretrial bail became moot following his convictions in state court, we now vacate the judgment of the Court of Appeals.

In general a case becomes moot "'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *United States Parole Comm'n* v. *Geraghty*, 445 U. S. 388, 396 (1980), quoting *Powell* v. *McCormack*, 395 U. S. 486, 496 (1969).  It would seem clear that under this general rule Hunt's claim to *pretrial* bail was moot once he was convicted.[5]  The question was no longer live because even a favorable decision on it

---

[4] "The constitutional protections involved in the grant of pretrial release by bail are too fundamental to foreclose by arbitrary state decree. . . .

"We hold, therefore, that the portion of Article I, section 9 of the Nebraska Constitution denying bail to persons charged with certain sexual offenses violates the eighth amendment of the United States Constitution, as incorporated in the fourteenth amendment."  648 F. 2d, at 1164–1165.

[5] Hunt made no claim of a constitutional right to bail pending appeal.  Indeed, at the time he initiated this action he had not yet been convicted. The decision of the Court of Appeals held the Nebraska constitutional provision unconstitutional only as applied to "persons *charged* with certain . . . offenses."  See n. 4, *supra* (emphasis added).  Hunt's arguments before this Court are similarly limited to the constitutional rights of a person accused, but not convicted, of a noncapital offense.

The constitutionality of Art. I, § 9, as applied to a person awaiting trial is a question distinct from the constitutionality of that section as applied to a person who has been tried and convicted.  The Excessive Bail Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment may well apply differently in the two situations.  As the Court has often noted:  "Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court."  *Broadrick* v. *Oklahoma*, 413 U.S. 601, 610 (1973).  Therefore, even assuming that Hunt had raised a claim for bail pending appeal, it would be that claim that the Court should decide—not the related but quite distinct claim for bail by a presumptively innocent person awaiting trial.  For the same reasons it cannot be said as a

would not have entitled Hunt to bail. For the same reason, Hunt no longer had a legally cognizable interest in the result in this case. He had not prayed for damages nor had he sought to represent a class of pretrial detainees.

We have recognized an exception to the general rule in cases that are "capable of repetition, yet evading review." In *Weinstein* v. *Bradford*, 423 U. S. 147, 149 (1975) *(per curiam)*, we said that "in the absence of a class action, the 'capable of repetition, yet evading review' doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." See *Illinois Elections Bd.* v. *Socialist Workers Party*, 440 U. S. 173, 187 (1979); *Sosna* v. *Iowa*, 419 U. S. 393 (1975). Because the Nebraska Supreme Court might overturn each of Hunt's three convictions, and because Hunt might then once again demand bail before trial, the Court of Appeals held that the matter fell within this class of cases "capable of repetition, yet evading review."[6] We reach a different conclusion.

The Court has never held that a mere physical or theoretical possibility was sufficient to satisfy the test stated in *Weinstein*. If this were true, virtually any matter of short duration would be reviewable. Rather, we have said that there must be a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the same complaining party. *Weinstein* v. *Bradford, supra*, at 149. We detect no such level of probability in this case.

---

matter of federal law that a decision holding that Hunt was unconstitutionally denied bail prior to trial will have any consequences with respect to his right to bail pending appeal and after conviction.

In short, the fact that Hunt may have a live claim for bail *pending appeal*, does not save from dismissal his now moot claim to *pretrial* bail.

[6] Judge Arnold dissented from this conclusion for the same reasons advanced in this opinion.

All we know from the record is that Hunt has been convicted on three separate offenses and that his counsel was willing to stipulate that, for the purposes of Hunt's eligibility for bail, the proof of guilt was evident and the presumption great. Based on these two facts, we cannot say that there exists a "reasonable expectation" or "demonstrated probability" that Hunt will ever again be in this position. There is no reason to expect that all three of Hunt's convictions will be overturned on appeal.[7] Hunt's willingness to stipulate that the proof against him was "evident" does not encourage us to believe otherwise.

Nor is *Nebraska Press Assn.* v. *Stuart*, 427 U. S. 539 (1976), relied upon by the Court of Appeals, to the contrary. In that case we held that the constitutionality of a pretrial restrictive order, entered prior to a criminal trial and that expired once the jury was impaneled, was not moot even though the order had long since expired. The Court found that the controversy between the parties was "capable of repetition" because the defendant's conviction might be overturned on appeal, requiring a new trial and possibly a new restrictive order, *and* because the dispute between the Nebraska Press Association and the State of Nebraska as to the use of restrictive orders was likely to recur in future criminal trials. It was the combination of these elements, both of which were capable of repetition, that permitted the Court to conclude that the matter was not moot under the standard stated in *Weinstein*.[8]

---

[7] "What the likelihood of such a triple reversal might be, we have no way of knowing, since this record contains no hint of the facts relevant to Hunt's guilt or innocence. The possibility of three reversals is wholly speculative. They could come about, but one may be pardoned, I hope, for doubting it." 648 F. 2d, at 1166 (Arnold, J., dissenting).

[8] The Court in *Nebraska Press Assn.* cited our decision in *Weinstein* for support of its conclusion that the matter was not moot. The Court in no way purported to weaken the standard of a "reasonable expectation" or "demonstrated probability" stated in *Weinstein*. See also *Nebraska Press Assn.* v. *Stuart*, 427 U. S., at 585, n. 13 (BRENNAN, J., concurring in judg-

There is no comparable set of expectations in this case. We have no reason to believe that Hunt will once again be in a position to demand bail before trial.

Accordingly, we find that the case presented is now moot. Indeed, it was moot at the time of the decisions of both the District Court and the Court of Appeals. The judgment of the Court of Appeals is vacated, and the case is remanded to the Court of Appeals with instructions that the complaint be dismissed.

*So ordered.*

JUSTICE WHITE, dissenting.

Article I, § 9, of the Nebraska Constitution states that aside from individuals charged with treason, murder, or forcible rape where the proof is evident or the presumption great, "[a]ll persons shall be bailable." The section is not limited to persons awaiting trial. Moreover, the Nebraska statute concerning appeals to the State Supreme Court provides that "[n]othing herein shall prevent any person from giving supersedeas bond in the district court . . . nor affect the right of a defendant in a criminal case to be admitted to bail pending the review of such case in the Supreme Court." Neb. Rev. Stat. § 25–1912 (1979).[1] Thus, the provision in the Nebraska Constitution which allowed Judge Murphy to

---

ment) ("It is evident that the decision of the Nebraska Supreme Court will subject petitioners to future restrictive orders with respect to pretrial publicity . . .").

[1] The "same criteria would remain applicable" to bail pending appeal as bail pending trial; there is no "separate section of our law" for the former. Tr. of Oral Arg. 21. See Neb. Rev. Stat. § 29–901 (1979). Thus, "if bail is to be denied Mr. Hunt . . . it must be done pursuant to this constitutional provision." Tr. of Oral Arg. 22.

In addition, the Nebraska Supreme Court has held that Nebraska courts have the inherent power to consider the propriety of bail even without a specific authorizing statute. *State* v. *Jensen*, 203 Neb. 441, 279 N. W. 2d 120 (1979).

deny appellee Hunt bail pending trial also serves to deny Hunt bail pending appeal of his conviction. Both parties agree that this is so.[2]

The Court does not dispute that Art. I, § 9, of the Nebraska Constitution applies to applications for bail pending appeal. Instead the Court considers this factor irrelevant because Hunt has not requested bail pending appeal and because the Court of Appeals held the Nebraska constitutional provision unconstitutional only as applied to *pretrial* detainees. *Ante*, at 481–482, n. 5.

I am not persuaded that the issue can be so lightly dismissed. The claim is plainly presented in this Court that the challenged provision effectively bars bail during Hunt's appeal to the Nebraska Supreme Court. If § 9 were declared unconstitutional here, Hunt could seek bail pending review of

---

[2] Probable jurisdiction having been noted, and the parties being in agreement that the case was not moot, the issue was not briefed. At oral argument, however, both Mr. Schaaf, the Assistant State Attorney General, and Mr. Hornstein, representing Hunt, directly stated that Art. I, § 9, applied to applications for bail pending appeal.

"Question: [A]fter conviction in a criminal case, is anyone entitled to bail while his case is on appeal?

"Mr. Schaaf: Yes . . . .

"Question: . . . I suppose that this statute would prevent bail while the case is pending on appeal.

"Mr. Schaaf: Yes . . . .

"Question: So why is it moot until it is decided?

"Mr. Schaaf: We suggest that it is not [moot]." Tr. of Oral Arg. 19.

"Question: Wouldn't this constitutional amendment be a basis for denying bail pending appeal?

"Mr. Hornstein: I agree with that. Certainly.

"Question: However the factors might sort out under the other statute, this would be independently a reason for denying bail?

"Mr. Hornstein: I think it mandates a denial of bail.

"Question: [A]nd as long as the case is pending, this case isn't moot, is it?

"Mr. Hornstein: No, our position is that it is not moot. I mean, I think both sides agree that it is not moot." *Id.*, at 40.

his convictions by that court. The fact that he has not yet filed such a request in the state courts cannot be taken as a waiver of the right to request release. Because Hunt was denied bail before trial under § 9, a request for bail after conviction would have been a useless formality. The provision forbids releasing on bail an individual charged with forcible rape where the proof of guilt is evident or the presumption great. Since Judge Murphy found that standard satisfied before Hunt's conviction, appellant could reasonably conclude that further application under current Nebraska law would be futile.

Because § 9 is an independent barrier denying Hunt the ability to obtain bail pending appeal, the question is not whether his *pretrial* detention is "capable of repetition, yet evading review." We therefore need not ask whether there is a reasonable expectation that Hunt would again be denied bail *prior* to trial.[3] The unavailability of an opportunity for bail pending appeal may constitute a sufficiently live issue to maintain Hunt's interest in the outcome of this litigation.

The Court's analysis must therefore rest on the limitation of the Court of Appeals' decision to pretrial detainees.

---

[3] I am not convinced, however, that the Court is correct in finding that this case does not satisfy the conditions for the "capable of repetition, yet evading review" exception. *Nebraska Press Assn.* v. *Stuart*, 427 U. S. 539 (1976), suggests that the two bases for finding the events capable of repetition were independent. ("The controversy between the parties to this case is 'capable of repetition' in two senses." *Id.*, at 546.) Moreover, there is language in *Gerstein* v. *Pugh*, 420 U. S. 103, 110–111, n. 11 (1975), which suggests that pretrial claims of this type are inherently within the exception when represented by a public defender:

"Moreover, in this case the constant existence of a class of persons suffering the deprivation is certain. The attorney representing the named respondents is a public defender, and we can safely assume that he has other clients with a continuing live interest in the case."

This language, which the Court silently disavows by the result it has reached, may be read to suggest that the formalities of class certification are unnecessary because of the presence of the public defender, who, in effect, represents a continuing class of individuals subject to pretrial detention.

Even accepting this reading of the Court of Appeals' opinion, the Court's point appears to be no more than a restatement of the related observation that Hunt did not, in fact could not at the time this suit was filed, assert a claim to bail pending appeal. The Court of Appeals reasonably ruled no more broadly than required. Nevertheless, the consequences of the court's decision ruling the Nebraska provision unconstitutional extend to Hunt's rights to seek bail pending appeal. If the Eighth Amendment is applied to the States and does create an implied right to bail, then the State may not be able to categorically deny bail pending appeal in the manner Nebraska has chosen. If conversely, there is no right to pretrial bail, *a fortiori*, Hunt would not be able to obtain release under present circumstances.[4]

Because the Court of Appeals found Hunt's denial of pretrial bail not moot under *Nebraska Press Assn.* v. *Stuart*, 427 U. S. 539 (1976), it had no cause to consider other reasons why the case remained alive. When this Court has entertained doubt about the continuing nature of a case or controversy, it has remanded the case to the lower court for consideration of the possibility of mootness. *Vitek* v. *Jones*, 436 U. S. 407 (1978); *Scott* v. *Kentucky Parole Board*, 429 U. S.

---

[4] The Court misinterprets the significance of this point. Contrary to the Court's account, *ante*, at 481–482, n. 5, it is not that the Court should now decide whether the provision is unconstitutional with respect to persons requesting bail after conviction. Rather, the point is that deciding whether Hunt was unconstitutionally denied bail prior to trial will have important consequences with respect to Hunt's right to bail pending appeal—a collateral consequence giving Hunt a continuing stake in the resolution of this case. There is nothing novel in this approach. See, *e. g.*, *Sibron* v. *New York*, 392 U. S. 40, 51 (1968) ("mere release of a prisoner does not mechanically foreclose consideration of the merits [of his conviction] by this Court"); *Pennsylvania* v. *Mimms*, 434 U. S. 106, 108–109, n. 3 (1977) ("possibility of a criminal defendant's suffering 'collateral legal consequences' from a sentence already served permits him to have his claims reviewed here on the merits"); *Powell* v. *McCormack*, 395 U. S. 486 (1969) (remaining claim for back salary justified determining whether Powell was properly excluded from membership in the House of Representatives despite the fact that he had already been seated).

60 (1976); *Indiana Employment Security Div.* v. *Burney*, 409 U. S. 540 (1973). A remand is particularly in order where, as here, the mootness issue has not been briefed and both parties agree that the case is not moot.

While couched in terms of justiciability, the effect of the Court's decision is to vacate the judgment of the Court of Appeals. The restrictions on bail struck down as unconstitutional by the Eighth Circuit are given new life; consequently, any attempt by Hunt to obtain release pending appeal of his convictions will be denied pursuant to the Nebraska Constitution. Because of Hunt's undeniable interest in securing his liberty, his interests remain adverse with those of the appellant, and an Art. III case or controversy may well exist. I would prefer that the Court of Appeals be allowed to explore the mootness issue further. I therefore dissent.