TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-04-00680-CV





Stickerstop Express Station Number 2P12510, Appellant


v.


Department of Public Safety and Thomas A. Davis, Jr., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. GN401333, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N

                        Appellees, the Department of Public Safety and Thomas A. Davis, Jr. (collectively
the “Department”), have moved to dismiss this appeal as moot. We grant the motion and dismiss
the appeal.
                        The Department suspended appellant Stickerstop Express Station Number 2P12510’s
certificate of appointment for state vehicle inspection for six months because the Department found
that Stickershop “allow[ed] an uncertified person to conduct or participate in the inspection of a
vehicle” in violation of the administrative code and corresponding Department rule 01.20.00,
contained in the Rules and Regulations Manual for Official Vehicle Inspection Stations and Certified
Inspectors (requiring a vehicle inspection station to use only employees certified by the Department). 
See Tex. Admin. Code § 23.15(e)(2)(E) (2005); see also id. at § 23.78 (2005). Stickerstop filed suit
in the Travis County District Court. A bench trial was held on September 24, 2004, and the district
court upheld the decision of the Department. On October 5, 2004, the Department enforced the
administrative order imposing a six-month suspension on Stickershop. Stickershop filed its notice
of appeal on October 20, 2005. Stickerstop’s six-month suspension expired on April 5, 2005.
                        A justiciable controversy must exist between the parties at every stage of the legal
proceedings, including the appeal. Williams v. Lara, 52 S.W.3d 171, 184 (Tex. 2001). Accordingly,
if a controversy ceases to exist—“the issues presented are no longer ‘live’ or the parties lack a legally
cognizable interest in the outcome”—the case becomes moot. Id. (quoting Murphy v. Hunt, 455 U.S.
478, 481 (1982)). If a case becomes moot, the parties lose their standing to maintain their claims. 
Id.
                        On April 5, 2005, during the pendency of this appeal, Stickerstop’s six-month
suspension expired. Thereafter, Stickerstop became eligible to apply for reinstatement of its
certification as an inspection station. Therefore, no live case or controversy exists between the
parties. If Stickerstop sought an accelerated appeal, it was required to inform the Court in the
docketing statement that its case required acceleration or preference. Tex. R. App. P. 32.1(g). But
Stickershop’s docketing statement asserts, “This appeal is not an accelerated appeal and submission
of this appeal should not be given priority.”
                        Although an inspection station certificate is valid only for a period of two years,
Stickerstop has not placed its inspection certificate in the record. See Tex. Transp. Code Ann.
§ 548.507 (West 1999). Therefore, the Court has not been informed whether Stickershop’s
certificate of appointment has expired. If it has expired, then the case for dismissal is more
compelling, because Stickerstop must follow Department protocol for reinstatement, including
payment of a statutory certificate of appointment fee. Because the record does not contain the
certificate, we cannot determine whether the issues presented remain live.
                        Accordingly, we grant the Department’s motion and dismiss the appeal as moot.
 
 
                                                                                                                                                                                                                                     Jan P. Patterson, Justice
Before Chief Justice Law, Justices Patterson and Puryear
Dismissed as Moot
Filed: June 13, 2005