

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

---

**NO. 02-08-277-CR**

JEREMY URIAH ROSALES                                              APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On May 9, 2006, Appellant Jeremy Uriah Rosales pleaded guilty to the felony offense of injury to a child, and the trial court sentenced him to five years' community supervision. On May 5, 2008, the State filed a motion to proceed to adjudication of guilt, alleging Rosales had violated the terms and conditions of his community supervision by failing to (1) report, (2) provide written proof of community service work, (3) pay the supervision fee, (4) pay

---

[1] *See* Tex. R. App. P. 47.4.

the crime stopper fee, and (5) provide verification of applying for employment.[2]

On May 14, 2008, the trial court appointed Tom Allensworth to represent Rosales at his adjudication hearing. On July 30, 2008, Allensworth, at Rosales's request, filed a motion to withdraw. On August 1, 2008, the trial court denied the motion. At the adjudication hearing on August 8, 2008, Rosales pleaded true to all five of the alleged community supervision violations, and the trial court sentenced him to twelve years' confinement. This appeal followed.

In his sole issue, Rosales argues that the trial court violated his right to equal protection by failing to hold a hearing, or to rule, on Allensworth's motion to withdraw. Specifically, Rosales claims that

> [a] defendant is incompetent to stand trial if, among other things, he cannot properly communicate with counsel. And a defendant may discharge appointed counsel if, among other things, he cannot properly communicate with counsel. But Texas law requires only "more than a scintilla" of evidence of incompetence to trigger a *sua sponte* informal inquiry, while a defendant must affirmatively raise a "seemingly substantial complaint" about appointed counsel to be entitled to any sort of hearing. No rational basis exists for the discrepancy. The defendant seeking to discharge appointed counsel is therefore denied equal protection of the law.

---

[2] This is the State's second motion to proceed to adjudication. In March 2007, the State filed its first motion, and the trial court temporarily revoked Rosales's community supervision, sentencing him to 122 days' confinement.

2

The State takes the position that Rosales is arguing that he was entitled to a competency hearing. We disagree. We interpret Rosales's argument to mean that when a motion to withdraw is filed, the burden required to obtain a hearing on that motion should be the same as the burden required to obtain a hearing on competency.

As the State pointed out, however, on August 1, 2008, the trial court held a hearing on Allensworth's motion to withdraw and ordered that it be denied. Therefore, Rosales has suffered no harm, has no legally cognizable interest in the outcome, and accordingly we dismiss this appeal as moot. *See Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183 (1982) (holding that a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome); *see also Pharris v. State,* 165 S.W.3d 681, 688 n. 7 (Tex. Crim. App. 2005).

BOB MCCOY
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

WALKER, J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 18, 2009