GLD-272                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2760
_____

IN RE:  JEROME BLYDEN,
                                                  Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to 09-cr-00020)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 30, 2012

Before:  FUENTES, GREENAWAY, JR., and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 14, 2012)

_____

OPINION
_____

PER CURIAM

        Jerome Blyden has filed a petition for a writ of mandamus, seeking to have us

order the District Court of the Virgin Islands to rule on a number of motions that he filed

in that Court in connection with his criminal case.  We will deny the petition.

        A writ of mandamus is an extraordinary remedy.  <u>Kerr v. U.S. Dist Ct.</u>, 426 U.S.

394, 402 (1976).  Within the discretion of the issuing court, mandamus traditionally may

be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed

jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted).  A petitioner must show "no other adequate means to attain the desired relief, and . . . a right to the writ [that] is clear and indisputable.'" In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (citation omitted).  Blyden has not made this showing.

We will divide the "unresolved" motions Blyden lists in his petition into three categories:  (1) pretrial motions (other than those involving visitation or custody); (2) motions involving visitation or custody, and those seeking relief pending sentencing or appeal; and (3) motions filed after his direct appeal had concluded.  We will first consider the pretrial motions.  A number of the filings that Blyden characterizes as needing "resolution" actually required no action on the part of the District Court, as they were "notices," rather than "motions," and they sought no relief from the District Court. See, e.g., District Court docket numbers ("dkt. #") 74, 76, 144, 147.  It appears that some of the motions that Blyden believes are unresolved were in fact resolved by the District Court.[1]  Mandamus is not appropriate as to the "Notices" and the resolved motions, as Blyden cannot show a right to relief where no relief is needed.  As to the remaining pretrial motions mentioned by Blyden, the District Court may have ruled on a number of

---

[1] For example, Blyden states that the "Application and Checklist for Speedy Trial filed on July 31, 2009" needs resolution, but an order concerning Blyden's "Application and Checklist for Speedy Trial Extension" shows that Blyden's motion, apparently seeking an extension of time to try the case, was granted.  It appears that the motion docketed at #225, which Blyden characterizes as seeking release of Brady materials, was mis-captioned on the District Court docket.  The motion, filed by Blyden's attorney, seeks permission to withdraw as Blyden's retained counsel, and to instead be appointed by the District Court as counsel for Blyden.  The motion was granted.  See dkt. #281.

them orally. <u>See, e.g.</u>, Dkt. #349 (minute entry). To the extent some pretrial motions were not explicitly ruled on by the District Court, Blyden had the opportunity to explain on appeal how he was prejudiced by their nonresolution. Because Blyden had an adequate means to address any unresolved pretrial motions, mandamus cannot be granted as to the pretrial motions.[2]

Blyden complains that a number of matters concerning his detention and rights to visitation are unresolved: (1) two appeals from a magistrate judge's orders regarding pretrial detention and visitation, <u>see</u> dkt. ## 112, 113; (2) another motion for release from pretrial detention, <u>see</u> dkt. #313; (3) a motion for release pending sentencing, <u>see</u> dkt. #414; and (4) a motion for release on bail pending appeal, <u>see</u> dkt. #459. Because Blyden is now in detention as a result of his conviction (and unsuccessful appeal), these motions are all moot. <u>Murphy v. Hunt</u>, 455 U.S. 478, 484 (1982) (motion for pretrial bail was moot once movant was convicted); <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971) (federal courts cannot "decide questions that cannot affect the rights of litigants in the case before them").[3]

The remaining three motions mentioned by Blyden were filed after his appeal had concluded: (1) "Defendant's Motion to Vacate Judgment with Points and Authorities,"

---

[2] Blyden also complains that his post-trial "Motion to Correct Sentence," dkt. #455, filed pro se in the District Court during the pendency of his appeal, remains undecided. Like the pretrial motions, the arguments in this motion could have raised in his direct appeal; thus, mandamus cannot be granted as to this motion.

[3] His motion to "Stay Financial Conditions of Sentence" pending appeal, dkt. #450, is also moot, given that the appeal has been resolved.

dkt. #484; (2) "Re-newed Motion to Permit Inspection of Records of Grand Jury Proceedings and to Compel Production of Grand Jury Materials with Points and Authorities," dkt. #485; and (3) "Motion to Withdraw <u>Appointed</u> Counsel of Record," dkt. #486 (emphasis in original). The docket also contains a memorandum and an affidavit in support of the motion to withdraw counsel, and the Government's reply to the latter two motions. These three motions have been pending on the District Court docket about four to five months. An appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction. <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3d Cir. 1996). Although the four-to-five month delay is of some concern, the delay "does not yet rise to the level of a denial of due process." <u>Id.</u> (addressing delay of similar length). We are confident that the District Court will rule on the pending motions without undue delay after any appropriate notice is given and the time to respond has run.[4] Thus, there is no need for this Court to compel the District Court to exercise its authority. <u>Roche v. Evaporated Milk Ass'n</u>, 319 U.S. 21, 26 (1943).

For the foregoing reasons, the petition for a writ of mandamus is denied.[5]

---

[4] We express no opinion as to the propriety or merit of the pending motions. It appears that Blyden may be attempting to file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. If so, the District Court will send Blyden the appropriate notice pursuant to <u>United States v. Miller</u>, 197 F.3d 644, 652 (3d Cir. 1999).

[5] Blyden's motion to proceed on the original record is denied as moot.