**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

C. L., a minor by and through his parent and guardian ad litem V.L,

            Plaintiff - Appellant,

 v.

LUCIA MAR UNIFIED SCHOOL DISTRICT,

            Defendant - Appellee.

No. 14-55119

D.C. No. 2:12-cv-09713-CAS-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted February 10, 2016
Pasadena, California

Before: KLEINFELD, McKEOWN, and IKUTA, Circuit Judges.

C.L., an autistic child, appeals the district court decision affirming an

Administrative Law Judge's ("ALJ") findings that (1) his school district, Lucia

Mar Unified School District ("Lucia Mar"), properly implemented an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

individualized education plan ("IEP") that went into effect in January 2011, and (2) an IEP offered by Lucia Mar to C.L. in February 2012 was an offer of free and appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415 *et seq*. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Lucia Mar argues that the district court should have dismissed C.L.'s appeal of the ALJ's decision as untimely. The IDEA imposes a 90-day statute of limitations for appealing an administrative decision, 20 U.S.C. § 1415(i)(2)(B), and California adopts this same 90-day time frame for such appeals. Cal. Educ. Code § 56505(k). Due to the ambiguity surrounding the effect of two corrected decisions following the first decision on August 10, 2014, we assume without deciding that the appeal was timely filed.

We adopt the district court's very careful and well-reasoned decision as to the January 2011 IEP. Lucia Mar properly implemented the January 2011 IEP in the school setting, because there were no major discrepancies between the behavioral services required by C.L.'s IEP and those provided by Lucia Mar. *See Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J*, 502 F.3d 811, 818–25 (9th Cir. 2007). Neither the January 2011 IEP, nor any subsequent amendment, required Lucia Mar to provide C.L. with behavioral services in the home setting, and C.L.

2

introduced no evidence to establish that Lucia Mar had any obligation to provide such services in the home.

The question of whether the February 2012 IEP was an offer of free and appropriate public education is moot, because C.L.'s mother consented to all parts of that IEP in August 2015. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982) ("[A] case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (quotations omitted)).

**AFFIRMED**.