**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOEL S. ELLIOTT,

    Defendant - Appellant.

No. 21-8001
(D.C. Nos. 1:15-CR-00042-SWS-1
& 1:20-CV-00101-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Defendant Joel S. Elliott appeals the district court's order denying him bail

pending adjudication of his 28 U.S.C. § 2255 motion. The government has moved to

dismiss the appeal as moot. We grant the motion and dismiss this appeal.

In October 2015, a federal jury convicted Elliott of, among other things, using

a "destructive device" in connection with a federal crime of violence, in violation of

18 U.S.C. § 924(c)(1)(A) and (B)(ii). He appealed unsuccessfully to this court, and

likewise unsuccessfully sought § 2255 relief.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *See id.* at 2323–24, 2336. Believing that *Davis*'s reasoning undermines his conviction, Elliott petitioned this court for permission to file a second or successive § 2255 motion, which we granted.

Returning to the district court, Elliott moved for bail pending consideration of his § 2255 motion. The district court denied that motion in an order dated January 7, 2021. Six days later (January 13), the district court denied the § 2255 motion on the merits.

Apparently not having received the district court's January 13 order, Elliott prepared and mailed a handwritten notice of appeal dated January 18, challenging only the January 7 bail order. The district court docketed the notice of appeal on January 27.

Considering this timeline, the appeal was moot from the outset. By the date Elliott purports to have mailed his notice of appeal challenging the bail decision, the district court had already denied relief on the merits. Accordingly, this court cannot grant (and could never have granted) the only relief Elliott requests—bail pending consideration of his § 2255 motion. We therefore grant the government's motion and dismiss the appeal as moot. *Cf. Murphy v. Hunt*, 455 U.S. 478, 481–82 (1982) (per curiam) (holding that defendant's claim to pretrial bail became moot once he was convicted). For the same reasons, we deny as moot Elliott's "Motion to Show

Cause" regarding purported non-delivery of his mail and Elliott's motion for extension of time to file an opening merits brief.

Entered for the Court
Per Curiam