**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUL 28 2021

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN ALBERT SINES, | No. 20-35857 |
| Plaintiff-Appellant, | D.C. No. 6:20-cv-00432-MC |
| v. | |
| JOHN HUMMEL; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted July 19, 2021**

Before:      SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

John Albert Sines appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging that defendants engaged in a bad faith

criminal prosecution against him.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo.  *S.R. Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019).

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

After filing this appeal, Sines pled guilty to seven counts of first-degree sexual abuse and the state trial court entered judgment. Accordingly, Sines's request for an injunction to enjoin permanently the criminal prosecution against him is moot. *See Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982) (claim is moot where "even a favorable decision on it would not have entitled [plaintiff] to [the relief sought]").

Because judgment has now been entered in Sines's criminal case, his claims for damages from the allegedly bad faith prosecution are *Heck*-barred because success on these claims would necessarily imply the invalidity of his conviction or sentence, and Sines has not demonstrated that his conviction has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

Defendants' motion to take judicial notice (Docket Entry No. 26) is granted. Sines's request that defendants Nakahira, Kropf, Quick and others who assisted them be cited for contempt of court, set forth in the opening brief, is denied.

**AFFIRMED.**

20-35857