# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-5094            September Term, 2023

FILED ON: JUNE 7, 2024

HEIDI STIRRUP, PERSONALLY AND IN HER CAPACITY AS A MEMBER OF THE UNITED STATES AIR FORCE ACADEMY BOARD OF VISITORS, ET AL.,
         APPELLANTS

v.

UNITED STATES DEPARTMENT OF DEFENSE, ET AL.,
         APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-01893)

---

Before: PILLARD, KATSAS, and GARCIA, *Circuit Judges*

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be **AFFIRMED** in part and **VACATED** in part.

\*      \*      \*

The United States Military Academy, Naval Academy, and Air Force Academy each has a Board of Visitors staffed with appointees selected by Congress for some seats and the President for others. 10 U.S.C. §§ 7455(a), 8468(a), 9455(a). A Board performs advisory functions by visiting its respective academy, evaluating its functioning, and producing recommendations and reports. *Id.* §§ 7455(d)–(f), 8468(d)–(f), 9455(d)–(f). The Military Academy and Naval Academy Boards submit reports to the President, *id.* §§ 7455(f), 8468(f); the Air Force Board submits reports to Department of Defense officials and Congress, *id.* § 9455(f).

1

Appellants are six individuals with a range of connections to the Boards. They claim that the Biden Administration violated the Constitution, the Administrative Procedure Act ("APA"), and contracts by suspending the Boards' operations for several months in 2021, issuing memoranda authorizing the creation of subcommittees, and removing certain of the appellants from their Board positions before their terms of service expired.

We do not reach the merits of these claims. The district court properly determined that appellants lack standing to challenge the temporary suspension and the subcommittee authorization. And appellants' removal claims—which request reinstatement to now-expired terms—are moot.

## I

Per the operative complaint, three appellants are former members of the Air Force Academy's Board, appointed by President Trump and removed by President Biden. One appellant is a member of Congress who presently sits on the Military Academy's Board. Another appellant is a member of Congress who does not claim to sit on any service academy advisory board. And one appellant is a former member of the Naval Academy's Board, whose removal is not challenged in this appeal. Appellees are nineteen government entities and officials, including President Biden, Secretary of Defense Lloyd J. Austin, III, and the designated federal officers for the Boards.

Appellants' claims focus on three Biden Administration actions concerning the Boards in 2021. First, in early February 2021, Secretary Austin suspended the Boards' operations to perform a "'zero-based review' grounded in a 'cost study.'" Fourth Am. Compl. ¶ 17 (J.A. 71). That suspension ended on September 17, 2021, and the Boards resumed operations.

Second, also on September 17, 2021, Secretary Austin issued memoranda authorizing the "Army, Navy, and Air Force service secretaries to create 'subcommittees' to the [Boards]." Fourth Am. Compl. ¶ 5 (J.A. 68). The announcement stated that the subcommittees would be staffed through a "separate and distinct" appointment process at the discretion of the Secretary or his deputy. *Id.* Importantly, however, the complaint does not allege that any such subcommittee has ever been created or staffed.

Third, in September 2021, President Biden removed three appellants from their appointments to the Air Force Board after they refused his request that they resign. By the end of 2023, all of the terms of service to which those appellants were originally appointed had expired.

Appellants claim that these actions violate the Constitution, the APA, and contracts. As described by the district court, they sought three forms of relief: "a judgment declaring the 'suspensions' illegal and enjoining [appellees] from 'further suspending or otherwise interfering with' the Boards"; "a similar judgment directed at the authorization of subcommittees"; and a "judgment that would restore three [appellants] to their positions on the Air Force Board." *Stirrup v. Biden*, 662 F. Supp. 3d 12, 18 (D.D.C. 2023) (quoting Fourth Am. Compl. ¶ 4 (J.A. 68)) (internal citations omitted).

On March 21, 2023, the district court concluded that appellants lack standing to bring claims based on the temporary suspension and authorization of subcommittees "because they

identify no concrete harm that the relief would redress." *Id.* The district court held that the appellants challenging their removal had standing because, even though the court held that it likely could not enjoin the President to restore those appellants to their prior appointments, the court could, in theory, order the non-President defendants to treat those appellants as if they had been restored to the Board. *Id.* at 21–22 (citing *Swan v. Clinton*, 100 F.3d 973, 978 (D.C. Cir. 1996)). But the court rejected those claims on the merits "because the President has statutory power to fire presidentially appointed Board members" and because appellants had not sufficiently pled "the elements of a breach-of-contract or First Amendment claim." *Id.* at 18.

## II

The district court correctly concluded that appellants lack standing for their claims related to the temporary suspension and the subcommittee authorization. As explained above, appellants seek prospective relief that would enjoin appellees from carrying out future suspensions or creating subcommittees. But appellants fail to meet their burden to show a "sufficient likelihood of future injury" to support their standing to seek prospective relief as to either set of claims. *Dearth v. Holder*, 641 F.3d 499, 502 (D.C. Cir. 2011) (quotation omitted).

Appellants have failed to show any likelihood that they will suffer a future injury stemming from a suspension similar to the temporary suspension of Board activities, which ended in 2021. As the district court observed, appellants make no concrete allegations to show that a similar suspension of Board activities is likely to occur in the future. Indeed, appellants concede that "[t]here is, of course, as the District Court noted, no imminent danger of a repetition of this precise event." Appellants' Brief 28.

Appellants likewise fail to allege any threatened injury resulting from Secretary Austin's decision to permit the creation of subcommittees. The memoranda merely authorize the military secretaries to create subcommittees. Appellants do not allege that any subcommittees were ever staffed or convened in any form. Nor do they plead facts showing that subcommittees are sufficiently likely to be created in the future.

## III

Appellants' removal claims have become moot since the district court ruled. The terminated appellants concede that the relief that supported their standing below—the possibility of reinstatement—is no longer available because the three-year terms to which they were appointed have now "expired." Appellants' Brief 19. As they put it, "[i]ndividual redress is beyond the power of this Court," *id.* at 54, because "the time for restoration of these [appellants] to their proper offices has passed," Reply Brief 11. The government agrees. Appellees' Brief 23–27.

Even though personal relief is not available, appellants urge us to conclude that their claims are not moot because they target harms that are "capable of repetition, yet evading review." Appellants' Brief 29, 53. That exception to mootness applies if two conditions are met: "(1) [T]he challenged action is too short to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that *the same complaining party* would be subjected to the same action again." *In re Sealed Case*, 77 F.4th 815, 826 (D.C. Cir. 2023) (emphasis added) (alterations, ellipses, and quotations omitted); *see Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

Appellants cannot show that the second condition is met here, and we therefore need not address the first. *See Honeywell Int'l, Inc. v. Nuclear Regul. Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010) (party opposing mootness bears the burden of showing an exception applies). They do not establish any expectation that *they themselves* are likely to be subjected to the same action again because, as explained, there is no indication that these appellants are likely to serve on a Board again, much less be removed during their hypothetical term of appointment.

Finally, appellants do not save their removal claims by seeking "a permanent injunction that bars all future presidents from firing sitting members of the Boards during the term of appointment." Appellants' Brief 52. That relief, even if available, would not redress appellants' individual past injuries, nor would it have any non-speculative chance of preventing a future injury to appellants. Again, the terminated appellants do not contend that they are likely to again serve on the Air Force Board. As a result, a permanent injunction preventing all future presidents from removing the appellants during the term of a hypothetical future appointment would not affect them in any non-speculative way.

* * *

For the foregoing reasons, we affirm the district court's dismissal of the temporary suspension and subcommittee claims for lack of subject-matter jurisdiction. We dismiss as moot the portion of the appeal seeking review of the district court's merits-based dismissal of the removal claims, vacate that portion of the district court's judgment, and remand for the claims to be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

4