Susan B. LONG and David Burnham, Plaintiffs,

.v.

BUREAU OF ALCOHOL, TOBACCO AND FIREARMS and Department of the Treasury, Defendants.

Civil Action No. 96–2486 (PLF).

United States District Court, District of Columbia.

May 21, 1997.

495

David L. Sobel, Washington, DC, for plaintiffs.

Kimberly N. Tarver, Assistant U.S. Attorney, Washington, DC, for defendants.

*OPINION*

PAUL L. FRIEDMAN, District Judge.

This action raises the issue of whether a requester who has sought and obtained a fee waiver under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(A), is entitled to a status determination under 5 U.S.C. § 552(a)(4)(A)(ij). The case is before the Court on the motion of defendants Bureau of Alcohol, Tobacco and Firearms and the Department of the Treasury to dismiss or for summary judgment.

## I. BACKGROUND

Plaintiffs Susan Long and David Buanham are co-directors of the Transactional Records Access Clearinghouse ("TRAC"), an organization affiliated with Syracuse University that serves as a clearinghouse for government information.[1] TRAC is a research center that seeks to "promote public understanding of the operation of the federal government through the gathering and dissemination of information" through various media, including printed publications, electronic media and the Internet. Letter of Susan B. Long to BATF Director John W. Magaw at 2–3 (Sept. 5, 1996), Defs.' Mot. to Dismiss, Ex. A.

On behalf of TRAC, plaintiffs filed a request for documents under the FOIA, 5 U.S.C. § 552(a). Plaintiffs requested a statutory waiver of all fees associated with their request based on three premises: (1) that the records sought would "substantially further the public's understanding of the important policies and activities of [BATF] and our federal criminal justice system," (2) that TRAC was "an educational or noncommercial scientific institution, whose purpose is scholarly or scientific research," and (3) that TRAC's activities qualified the organization to be exempt from fee payment as "a representative of the news media." Complaint ¶¶ 7–8.

After BATF made some of the requested documents available to plaintiffs and after plaintiffs had complied with BATF's request to submit additional information in support of their fee waiver request, the agency denied plaintiffs' request for a fee waiver. BATF explained that it had found "some evidence of a commercial interest" in plaintiffs' request for documents. letter from Eric O'Neal to Susan B. Long (Aug. 6, 1996), Pls.' Opp'n to Defs.' Mot., Ex. A. The agency informed plaintiffs that in order to receive the requested documents, plaintiffs would have to furnish an advance payment of $1,900. BATF also informed plaintiffs of their right to an administrative appeal of this decision by petitioning the Director of BATF.

Plaintiffs submitted a check to BATF in the amount of $1,900, noting both that the fee was being paid "in protest" and that plaintiffs would appeal the decision. Plaintiffs then filed an administrative appeal with the Director of BATF in which they requested review of the fee waiver denial on the grounds that (1) TRAC is an "educational institution," (2) TRAC is a "representative of the news media" and (3) the records sought would be of "significant interest to the general public." Appeal Letter from Susan B. Long to BATF Director John W. Magaw at 2–4 (Sept. 5, 1996), Defs.' Mot. to Dismiss, Ex. A.

On appeal, BATF granted plaintiffs' fee waiver request, giving as its sole reason that plaintiffs' request was "in the public interest because it [was] likely to contribute significantly to public understanding of the operations or activities of the government and [was] not primarily in the commercial interest of the requester." Letter from Director John Magaw to Susan Long at 2 (Nov. 8, 1996), Defs.' Mot. Dismiss, Ex. B. *See* 5 U.S.C. § 552(a)(4)(A)(iii). BATF explained further that it did not "find it necessary" to reach the question of plaintiffs' status as an educational institution or as a representative of the news media. *Id.*

Although they have now obtained a fee waiver, plaintiffs ask the Court to declare that plaintiffs qualify for both the "educational institution" and "news media" exemptions from the fee payment requirements of the FOIA. Defendants argue that this action is moot because the fee has been waived and that any claim with respect to future FOIA requests is not ripe.

## II. THE FEE WAIVER CLAIMS

The FOIA requires agencies to promulgate regulations with respect to the fees charged for requested materials. 5 U.S.C. §§ 552(a)(4)(A)(i) and (ii). The statute generally limits fees to "reasonable standard charges," and different types of requesters may be charged for different costs. For

---

1. The parties dispute TRAC's relation to Syracuse University. Plaintiffs contend that TRAC is "a formal part of Syracuse University," Complaint ¶ 1, while the record reflects that defendants did not consider TRAC to be part of an educational institution. Defs.' Statement Material Facts ¶ 3.

example, when records are requested for "commercial use" the requester may be charged for the costs of document review as well as duplication and search. 5 U.S.C. § 552(a)(4)(A)(ii)(I). By contrast, requesters will be charged only for document duplication (and spared search and review costs) "when records are not sought for commercial use and the request is made by an educational or noncommercial scientific institution, whose purpose is scholarly or scientific research; or a representative of the news media." 5 U.S.C. § 552(a)(4)(A)(ii)(II).

In addition to fee limitations based upon status, FOIA fees may be offset or eliminated entirely based upon the requester's "purpose" in requesting the documents. The statute's purpose designation is broader than its status designation:

> Documents shall be furnished without any charge or at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.

5 U.S.C. § 552(a)(4)(A)(iii).

The regulations of the Department of the Treasury setting forth its guidelines for fee waiver requests make clear that the agency is to determine "on a case by case basis" whether a waiver or a reduction of fees is warranted based upon the likelihood that the information sought will further the public interest. 31 C.F.R. § 1.7(d)(1). Neither the statute nor the regulations addresses the issue of whether determinations of requester status also are to be made on a case-by-case basis.

■ Plaintiffs filed their complaint prior to the resolution of their administrative appeal and requested the Court to order defendant to refund $1,900 in fees and issue a declaration that defendants' assessment of FOIA processing fees against plaintiffs is arbitrary, capricious and contrary to law. Complaint at 7. Since a full fee waiver has now been granted and plaintiffs' money has now been refunded, the Court concludes that these issues are moot. *See Kennecott Utah Copper Corp.*

*v. U.S. Dep't of Interior,* 88 F.3d 1191, 1207–08 (D.C.Cir.1996); *Better Government Ass'n v. Dep't of State,* 780 F.2d 86, 90–91 (D.C.Cir. 1986).

■ Plaintiffs cannot evade the mootness of their claim by requesting a declaratory judgment. While the Declaratory Judgment Act, 28 U.S.C. § 2201, "permits a federal court to declare the rights of a party whether or not further relief is or could be sought," *Green v. Mansour,* 474 U.S. 64, 72, 106 S.Ct. 423, 427–28, 88 L.Ed.2d 371 (1985), "a declaratory judgment may not be used to secure judicial determination of moot questions." *Native Village of Noatak v. Blatchford,* 38 F.3d 1505, 1514 (9th Cir.1994) (citations omitted).

■ Plaintiffs suggest in passing that defendants' denial of their fee waiver request might fall within the limited exception to mootness for cases that are "capable of repetition, yet evading review," on the theory that TRAC's future requests for information from the BATF will repeatedly be denied. *See e.g., Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982). There is nothing in the nature of fee waiver requests, however, that suggests that fee waiver actions will always expire prior to litigation and thereby evade review. Nor have plaintiffs pointed to any evidence suggesting that their future requests necessarily will be denied. This case therefore does not fall within this limited exception.

## III. DECLARATION OF REQUESTER STATUS

■ Because BATF granted the fee waiver on appeal based on its finding that the public interest would be served and did not reach the question of TRAC's status, plaintiffs now ask this Court to issue a declaration that TRAC is both an "educational institution" and a "representative of the news media." Defendants argue that the question of TRAC's status, like the fee waiver itself, is moot with regard to plaintiffs' current FOIA request and not ripe with regard to future requests. The Court agrees.

■ A status determination under the FOIA is significant only with regard to the assessment of fees. Once a fee waiver has been granted, neither the FOIA nor the Department of the Treasury regulations creates an independent right to a status declaration. *See Better Government Ass'n v. Dep't of State,* 780 F.2d at 91 (holding that declaration of invalidity of agency's initial refusal to waive requester's fees would be an advisory opinion in light of subsequent fee waiver); *see also Project on Military Procurement v. Dep't of the Navy,* 710 F.Supp. 362, 368 (D.D.C.1989) (finding no need to decide whether plaintiff qualifies as representative of the media once court determined that plaintiff was entitled to fee waiver under the public interest designation).

■ Plaintiffs argue that the determination of a requester's status and its purpose are two separate prongs of a single inquiry and that each prong must be satisfied in sequence, but the plain language of the statute contradicts this interpretation. The "purpose" provision of the FOIA requires that agencies furnish documents "without any charge *or* at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the public interest...." 5 U.S.C. § 552(a)(4)(A)(iii) (emphasis added). The use of the word "or" indicates that the agency has two distinct and independent options, the first of which is to grant a complete fee waiver, a decision that requires no status determination at all. The second option, with its reference to clause (ii), provides the agency with a threshold level from which to reduce the fee, if any fee is to be charged. If the agency determines that a requester is entitled to a complete waiver of fees under clause (iii) because the request will serve the public interest, as defendants have here, the status determination becomes immaterial. *See National Security Archive v. U.S. Dep't of Defense,* 880 F.2d 1381, 1382–83 (D.C.Cir.1989) (FOIA Reform Act of 1986 created three separate bases for fee waivers: the educational institution and news media preferences and the public interest waiver), *cert. denied,* 494 U.S. 1029, 110 S.Ct. 1478, 108 L.Ed.2d 615 (1990).

Congress' inclusion of the first option—permitting a complete fee waiver—expands the availability of fee waivers. Plaintiffs' interpretation would narrow that provision by requiring an agency to make a status determination in every case, even where a public interest finding would entitle a requester to a full waiver *regardless* of its status. Plaintiffs' interpretation could potentially inhibit agencies from awarding public interest waivers if they would also be forced to make a status determination each time. Such an outcome would be antithetical to the thrust of clause (iii), which supplements and expands the bases under which a fee waiver may be obtained.

■ Plaintiffs also contend that they are entitled to a status determination because they likely will submit future FOIA requests to BATF. Absent a pending fee waiver request, however, the issue of plaintiffs' requester status with regard to future requests is not ripe. A controversy is ripe when a plaintiff is challenging a final agency action, the issue poses purely legal questions and plaintiff has demonstrated hardship absent review. *Better Government Ass'n v. Dep't of State,* 780 F.2d at 88. This case satisfies none of these criteria. The only "final agency action" that has been rendered is the grant of a fee waiver by defendants, which is not contested by plaintiffs. Plaintiffs' request for a status determination with regard to future requests is unrelated to the disposition of the request at issue in this case, and they have offered no evidence that their future requests will be denied.

Although a favorable status determination now may provide an advantage to plaintiffs upon a subsequent fee waiver request, denial of such a determination does not preclude a favorable outcome in the future, not least of all because an entity's status can change. A requester is entitled only to a fee waiver (where appropriate), not the incident status determination. Therefore, despite its potential usefulness, the status determination process does not give rise to an independent entitlement. Any declaration of plaintiffs' status by the Court at this time would be tantamount to an advisory opinion.

Although plaintiffs' fee waiver denial is a moot issue and the issue of plaintiffs' future status determinations is not ripe, plaintiffs have raised one justiciable question, namely, whether Director Magaw erred in failing to address the initial adverse status determination when he decided plaintiffs' appeal. Plaintiffs complain that they were entitled to a determination on appeal that the initial status determination was incorrect, even though no actual fee waiver hangs on the outcome.

The Court concludes that the Director's decision not to reach the question of plaintiffs' status was appropriate. The decision comports with the structure of the FOIA, which, as discussed above, contemplates the award of public interest fee waivers without any status determination at all. Moreover, the Court is not in the business of reviewing issues presented in an administrative appeal that have no legal effect, particularly where, as here, the plaintiffs have complained of no legally cognizable injury.

An Order and Judgment consistent with this Opinion is entered this same day.

SO ORDERED.

### ORDER AND JUDGMENT

Upon consideration of Defendants' Motion to Dismiss or for Summary Judgment, plaintiffs' opposition thereto, defendants' reply and for the reasons stated in the separate Opinion issued this same day, it is hereby

ORDERED that defendants' motion for summary judgment is GRANTED; it is

FURTHER ORDERED that JUDGMENT is entered for defendants; and it is

FURTHER ORDERED that this case is DISMISSED and the case is removed from the docket of this Court.

SO ORDERED.