**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STEPHEN T. VOGRIN; MICHELLE
VOGRIN,
Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,                    No. 97-2117
Defendant-Appellee,

and

MARK SWARTSWELDER,
Defendant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CA-97-43-5)

Submitted: January 30, 1998

Decided: April 23, 1998

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen T. Vogrin, Michelle Vogrin, Appellants Pro Se. Edward Roy
Hawkens, Robert Stephen Greenspan, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In February 1997, Stephen and Michelle Vogrin commenced an action in West Virginia state court against Mark Swartswelder, an employee of the United States Government, Bureau of Alcohol, Tobacco and Firearms, alleging violations of various common law torts. The Government filed a notice of removal under 28 U.S.C.A. §§ 1442(a)(1), 2679(d)(2) (West 1994 & Supp. 1997) and a notice of substitution. The Government submitted a certificate of scope of employment signed by the United States Attorney as a delegate of the Attorney General. According to the certification, Swartswelder was acting within the scope of his employment when he committed the alleged tortious acts. Based upon the certificate, the district court dismissed all claims against Swartswelder with prejudice and substituted the Government as the sole defendant. On appeal, the Vogrins contend that the district court erred in permitting the Government to substitute for Swartswelder, in not reviewing the scope of employment issue, and in not permitting discovery as to this issue. For the reasons below, we affirm.

After the case was removed, the Government filed a motion to dismiss, contending that the district court was without subject matter jurisdiction because the Vogrins had not exhausted administrative remedies under 28 U.S.C. § 2671 (1994). The Vogrins filed a response and a motion to remand. The Vogrins contended that Swartswelder was not acting within the scope of his employment with regard to the alleged tortious conduct raised in the complaint. Thus, according to the Vogrins, the Department of Justice's certificate substituting the United States for Swartswelder was invalid. The Vogrins stated that if the motion to remand was denied, they did not oppose the Government's motion to dismiss, conceding that administrative remedies were unexhausted. However, they requested the dismissal be without prejudice since they were in the process of filing an adminis-

2

trative claim. The Government opposed the motion to remand, arguing certification was proper.

The Vogrins next served a notice of deposition upon the Government stating they wanted to depose Swartswelder. The Government moved for a protective order and/or stay of discovery. The Government contended that the district court should determine the scope of employment issue before discovery was allowed to proceed or, in the alternative, limit discovery to matters concerning Swartswelder's scope of employment. The Vogrins did not object to limiting discovery.

The district court granted the motion to dismiss without prejudice and denied as moot the motion to remand and the motion seeking a protective order and/or stay of discovery. The court concluded "[w]ithout addressing the merits of all arguments raised in the motion to dismiss and the motion to remand, this Court agrees with the parties that this matter should be dismissed for failure to exhaust administrative remedies."

In Gutierrez de Martinez v. Lamagno, 515 U.S. 417 (1995), the Supreme Court held that a certificate of scope of employment is conclusive for purposes of removal only--not substitution. Accordingly, a district court is permitted to review the certificate relative to the matter of substitution. Without such review, the Court held, the scope of employment issue "however contestable in fact, would receive no judicial audience," and federal courts would be reduced to "rubber-stamp work ." Id. at 429.

In Maron v. United States, 126 F.3d 317, 321 (4th Cir. 1997), this Court stated that "the recent Gutierrez decision means that we may no longer decline to judicially decide whether substitution is proper." In Maron, the appellant challenged the procedures employed by the district court in determining the scope of employment issue for purposes of substitution. This Court concluded that the district court properly found that the appellant had the burden of proof to show by a preponderance of the evidence that substitution was invalid. In that case, there was discovery, an evidentiary hearing, a statement by the district court concerning which law it was applying, and factual findings as to the scope of employment.

3

We find the district court did not review the certification as it pertains to the scope of employment. The district court denied the Vogrins' motion to remand as moot, more likely indicating that the issue was no longer live, not that it was without merit. See Murphy v. Hunt, 455 U.S. 478, 481 (1982). The court did not employ any of the procedures discussed in Maron. It did not allocate the burden of proof or choose which law to apply. Furthermore, there were no factual findings, and the court did not state that the pleadings revealed no issue of material fact. See Gutierrez de Martinez v. Drug Enforcement Admin., 111 F.3d 1148, 1155 (4th Cir.) (discovery and an evidentiary hearing are within the discretion of the court and should not be permitted if the pleadings do not reveal an issue of material fact), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3108 (U.S. Oct. 20, 1997) (No. 97-104).

We nonetheless affirm the order of the district court. Fact finding is a basic responsibility of the district court. In instances where the district court has failed to make factual findings because of an erroneous view of the law, the general rule is to remand the appeal for further proceedings. A remand can be avoided if "the record permits only one resolution of a factual issue." Pullman-Standard v. Swint, 456 U.S. 273, 291-92 (1982). If a thorough review of the record reveals that any other resolution would be clearly erroneous, then an appellate court may make factual findings in the first instance. See Patterson v. Greenwood Sch. Dist. 50, 696 F.2d 293, 295 (4th Cir. 1982).

The Vogrins bore the burden to prove by a preponderance of the evidence that Swartswelder's alleged wrongful conduct was not within the scope of employment. See Maron, 126 F.3d at 322. Under West Virginia law, an employee is acting within the scope of employment if the employee is acting within the scope of his authority and in furtherance of his employer's business. See Laslo v. Griffith, 102 S.E.2d 894 (W. Va. 1958). Upon review of the record, we find only one conclusion supported by the evidence--that Swartswelder was at all times acting within the scope of employment.

The Vogrins' complaint detailed numerous allegations of alleged misconduct by Swartswelder, Vogrin's supervisor. Most of the allegations concerned Swartswelder's use of authority in supervising

4

Vogrin with regard to responsibilities and tasks. (R. 1). The Vogrins cited only one incident in support of their contention that Swartswelder was acting outside the scope of his employment. Allegedly, Swartswelder used a government car to go on a golf outing with other agents during work hours on the day Vogrin was terminated for a similar infraction. Vogrin claimed this was intentional infliction of emotional distress. Swartswelder submitted an affidavit stating that his supervisor invited him to attend the golf outing for the purpose of visiting a retired agent. Clearly, this was within the scope of employment. Thus, the Vogrins did not meet their burden of proof.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>