OPINION
Plaintiff-appellant David W. Roberts appeals the July 12, 2000 Judgment Entry of the Richland County Court of Common Pleas which granted defendants' motion to dismiss. Defendants-appellees are Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Corrections; Antonio Lee, Assistant Chief Inspector, Ohio Department of Rehabilitation and Corrections; Margaret Bagley, Warden, Richland Correctional Institution; Tim Milligan, Administrative Assistant, Richland Correctional Institution; Keisha Brown, Deputy Warden/Special Services, Richland Correctional Institution; LaShann Eppinger, Institutional Inspector, Richland Correctional Institution.; Arnita Pittman, Recovery Services Supervisor, Richland Correctional Institution.; Terrone Butler, Recovery Services Coordinator, Richland Correctional Institution; Debra Harris, Recovery Services Coordinator, Richland Correctional Institution; and "John Doe." STATEMENT OF THE CASE AND FACTS On December 27, 1999, appellant filed a complaint for declaratory judgment in the Richland County Court of Common Pleas. Appellant's complaint alleged appellees denied him due process by failing to award a sentence reduction for his participation in a drug treatment program at Mansfield Correctional Institution ("MANCI") pursuant to R.C.2967.193. Appellant is an inmate at the Richland Correctional Institution ("RICI") serving an eight to thirty year sentence for drug trafficking. Appellant had been incarcerated at MANCI until July 2, 1999, when he was transferred RICI. Appellant claimed while he was incarcerated at MANCI he had participated in alcohol and drug treatment programs. Pursuant to R.C. 2967.193 and O.A.C. 5120-2-0, appellant earned eight days of credit as a deduction of his sentence for his participation in these programs. He claims after his transfer to RICI, RICI failed to deduct the eight days of earned credit from his sentence. Further, appellant alleged, upon his transfer to RICI, he signed up for participation in drug and alcohol outpatient therapy. Appellant was denied access to that program. Appellant claims this denial was a violation of his "first amendment right to group activity." Further, appellant claims the denial was actually a denial to earn additional days of credit as a deduction from his sentence. Appellant alleged he had utilized the internal grievance procedures pursuant to O.A.C. 5120-9-31, but was unable to obtain relief. Further, appellant maintained as a result of filing these internal grievances, appellees retaliated against him by refusing to accurately reduce his sentence and by refusing to allow him to participate in the outpatient drug and alcohol treatment program. On February 10, 2000, appellees filed a Motion to Dismiss appellant's complaint alleging there existed no real controversy between the parties and the issues presented in the complaint were moot. Appellees acknowledged appellant did in fact earn a total of eight days for successful completion of four months of drug treatment programs. Accordingly, appellees deducted eight days from appellant's sentence and his release date had been moved forward eight days from February 1, 2003, to January 24, 2003. Further, with regard to appellant's claim he had been denied enrollment in drug treatment classes offered at RICI, thereby depriving him of the opportunity to earn new credit against his sentence, appellees provided appellant with an assertiveness class which also provided two days credit for each month of successful completion. Because the issues addressed in appellant's complaint had been resolved, appellees moved for dismissal of the complaint as being moot. In a July 12, 2000 Judgment Entry, the trial court granted appellees' motion to dismiss finding appellant's complaint to be moot. In so doing, the trial court noted appellant had conceded in his response to the motion to dismiss he had been given proper credit for his MANCI programs and he had been placed in a program at RICI which also afforded the potential for sentence reduction. It is from this judgment entry appellant prosecutes his appeal assigning the following error:
 I. THE TRIAL COURT ERRED WHEN IT DISMISSED PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AS MOOT.
 I
In appellant's sole assignment of error, he maintains the trial court erred in finding the claims raised in his declaratory judgment action to be moot. We disagree. This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
We agree with the trial court appellant's claims are moot as to the eight days earned at MANCI and moot as to appellant's placement in the class for which he could receive new credit. However, appellant urges this court to determine the issues based upon the likelihood an alleged future harm will occur. Appellant argues he may again face this situation if subsequent administrative security reviews lower his security status, resulting in his being transferred to another correctional institution. Appellant maintains any such transfer could result in the loss of his entitlement to more good-time credits. We find the fact appellant may be transferred to another facility in the future and may not be properly credited for programs attended is not enough to show "a reasonable expectation" or "a demonstrated probability" the same controversy will recur involving the same inmate. See, Murphy v. Hunt (1982), 455 U.S. 478,482. Accordingly, appellant's sole assignment of error is overruled.
The July 12, 2000 Judgment Entry of the Richland County Court of Common Pleas is affirmed.
 ______________________ Hoffman, J.
Gwin, P.J. and Edwards, J. concur