DOEHLER–JARVIS, INC., Doehler–Jarvis Toledo, Inc.; Doehler–Jarvis Pottstown, Inc., currently known as Pottstown Precision Casting, Inc.; Harvard Industries, Inc.,

v.

T.E. KOPYSTECKI, Individually and as representative of all persons similarly situated Doehler–Jarvis, Inc., Doehler–Jarvis Toldedo, Inc., Doehler–Jarvis Pottstown, Inc. and Harvard Industries, Inc., Appellants.

No. 99–1798.

United States Court of Appeals, Third Circuit.

Argued April 12, 2000.

Decided Feb. 3, 2003.

Allan M. Dabrow, (Argued), Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, PA, Priscilla L. Hapner, Frost Brown Todd, Columbus, OH, for Appellants.

Regina C. Hertzig, (Argued), Cleary, Josem & Kohn, Philadelphia, PA, for Appellee.

Before NYGAARD, ALITO, and GIBSON,* Circuit Judges.

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

**2.** While both of these actions took place in federal district court, for ease of reference we refer to them by the state in which each district court sits.

## OPINION

NYGAARD, Circuit Judge.

Appellant Doehler–Jarvis, Inc., notified all retirees enrolled in its health benefits program of its intention to terminate these benefits, effective at the expiration of its collective bargaining agreement with the United Auto Works (UAW). The next day, Doehler–Jarvis filed a class action complaint in the District Court for the Eastern District of Pennsylvania, seeking a declaration that it had no legal obligation to provide lifetime health benefits to its retirees. Doehler–Jarvis claimed that it had a right to terminate the retiree benefits because they were not lifetime benefits, and it had no obligation to continue them after its collective bargaining agreement with the UAW expired.

Then, a group of approximately four hundred and fifty retired employee plan participants and beneficiaries, most of whom reside in Ohio, filed an action under ERISA in the District Court for the Northern District of Ohio, alleging that the prospective termination of the program would violate their rights, and moved for class certification. *See John C. Gilbert, et al. v. Doehler–Jarvis, et al.,* 87 F.Supp.2d 788, (N.D.Ohio 2000). In response, Doehler–Jarvis moved to transfer the Ohio action to Pennsylvania, which the District Court for the Northern District of Ohio denied. The Ohio plaintiff's motion for class certification, however, was granted as unopposed. Meanwhile, the District Court for the Eastern District of Pennsylvania had dismissed Doehler–Jarvis' action in its entirety, which is the subject of this appeal.[2] After the briefs for this appeal

were filed, the Ohio plaintiffs won a declaration that Doehler–Jarvis' proposed action would violate their legal rights, thus determining the same matters at issue in Pennsylvania and now before us on appeal. We heard oral argument, and ordered additional briefing from the parties on the issue of whether this appeal is rendered moot as a result of the Ohio judgment. We have reviewed the submissions of the parties, and now conclude that this appeal is moot.

It is axiomatic that "an actual case or controversy must exist when suit is instituted and at all stages of appellate review to avoid mootness." *See Brown v. Liberty Loan Corp.*, 539 F.2d 1355 (5th Cir.1976), *cert. denied*, 430 U.S. 949, 97 S.Ct. 1588, 51 L.Ed.2d 797 (1977); *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). Moreover, it is intuitive that an intervening decision in a collateral matter can moot a pending action in another court. *See also Murphy*, 455 U.S. at 479–81. *Murphy* held that a suit brought by a criminal defendant under 42 U.S.C. § 1983 challenging his bail as excessive was moot after he was convicted in the underlying criminal case. The Court reasoned that because Murphy was no longer entitled to bail, his civil suit could not provide a remedy on the bail issue. It also observed that Murphy no longer had a legally cognizable interest in the civil case as a result of the criminal proceedings.

This is analogous to what happened here: The underlying litigation involves the same rights of the retirees under the insurance plan as have been determined by the District Court for the Northern District of Ohio. Secondly, the question of which court should have heard the declaratory judgment action (a tangential procedural issue to this underlying question) no longer matters, rendering all issues in this case moot.

In sum, who decides what and where, with respect to the rights of the retirees, has been resolved by the judgment of the Northern District of Ohio, rendering this appeal moot. A dismissal order follows.