Mike Bello d/b/a Nucleus Service Station v. State of Texas and the Director Department of Public Safety

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-131-CV

MIKE BELLO D/B/A NUCLEUS SERVICE APPELLANT

STATION

V.

STATE OF TEXAS AND THE DIRECTOR APPELLEES

DEPARTMENT OF PUBLIC SAFETY

------------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The State of Texas and the Director Department of Public Safety (collectively “T.D.P.S.”) have moved to dismiss this appeal as moot.  We grant the motion and dismiss the appeal.  

Appellant Mike Bello d/b/a Nucleus Service Station’s (“the Station”) vehicle inspection license was suspended for violation of chapter 548 of the Texas Transportation Code.  The Station appealed the suspension in the 342
nd
 District Court of Tarrant County, and T.D.P.S. filed a plea to the jurisdiction, contending that jurisdiction for such suits lies exclusively in Travis County.  
See 
Tex. Transp. Code Ann.
 § 548.408(a) (Vernon Supp. 2004); 
Tex. Gov’t Code Ann.
 § 2001.176(b)(2) (Vernon 2000).  The trial court granted T.D.P.S.’s plea and dismissed the cause.  This appeal followed. 

A justiciable controversy must exist between the parties at every stage of the legal proceedings, including the appeal.  
Williams v. Lara
, 52 S.W.3d 171, 184 (Tex. 2001).  Accordingly, if a controversy ceases to exist—"the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"—the case becomes moot.  
Id.
 (quoting 
Murphy v. Hunt
, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183 (1982)).  If a case becomes moot, the parties lose their standing to maintain their claims.  
Id.

On December 11, 2003, during the pendency of this appeal, the Station’s six-month suspension expired
.  Thereafter, the Station became eligible to apply for reinstatement of its certification as an inspection station.
(footnote: 2)  Therefore, there

is no live case or controversy between the parties.  Accordingly, we grant T.D.P.S.’s motion and dismiss the appeal as moot.

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DELIVERED:  JANUARY 29, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
An inspection station certificate is only valid for a period of two years.  
See 
Tex. Transp. Code Ann.
 § 548.507 (Vernon 1999).