COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.
02-08-277-CR

 

JEREMY
URIAH ROSALES                                                     APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 78TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








On May 9, 2006, Appellant Jeremy Uriah Rosales
pleaded guilty to the felony offense of injury to a child, and the trial court
sentenced him to five years=
community supervision.  On May 5, 2008,
the State filed a motion to proceed to adjudication of guilt, alleging Rosales
had violated the terms and conditions of his community supervision by failing
to (1) report, (2) provide written proof of community service work, (3) pay the
supervision fee, (4) pay the crime stopper fee, and (5) provide verification of
applying for employment.[2]  On May 14, 2008, the trial court appointed
Tom Allensworth to represent Rosales at his adjudication hearing.  On July 30, 2008, Allensworth, at Rosales=s
request, filed a motion to withdraw.  On
August 1, 2008, the trial court denied the motion.  At the adjudication hearing on August 8,
2008, Rosales pleaded true to all five of the alleged community supervision
violations, and the trial court sentenced him to twelve years=
confinement.  This appeal followed.

In his sole issue, Rosales argues that the trial
court violated his right to equal protection by failing to hold a hearing, or
to rule, on Allensworth=s motion to withdraw.  Specifically, Rosales claims that

[a] defendant is
incompetent to stand trial if, among other things, he cannot properly
communicate with counsel.  And a
defendant may discharge appointed counsel if, among other things, he cannot properly
communicate with counsel.  But Texas law
requires only Amore than a scintilla@ of evidence of
incompetence to trigger a sua sponte informal inquiry, while a defendant
must affirmatively raise a Aseemingly substantial complaint@ about appointed counsel
to be entitled to any sort of hearing. 
No rational basis exists for the discrepancy.  The defendant seeking to discharge appointed
counsel is therefore denied equal protection of the law.








The State takes the position that Rosales is
arguing that he was entitled to a competency hearing.  We disagree. 
We interpret Rosales=s
argument to mean that when a motion to withdraw is filed, the burden required
to obtain a hearing on that motion should be the same as the burden required to
obtain a hearing on competency.

As the State pointed out, however, on August 1,
2008, the trial court held a hearing on Allensworth=s motion
to withdraw and ordered that it be denied. 
Therefore, Rosales has suffered no harm, has no legally cognizable
interest in the outcome, and accordingly we dismiss this appeal as moot.  See Murphy v. Hunt, 455 U.S. 478, 481,
102 S. Ct. 1181, 1183 (1982) (holding that a case becomes moot when the issues
presented are no longer live or the parties lack a legally cognizable interest
in the outcome); see also Pharris v. State, 165 S.W.3d 681, 688 n. 7
(Tex. Crim. App. 2005).

 

BOB
MCCOY

JUSTICE

 

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

 

WALKER, J. concurs
without opinion.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: June 18, 2009











[1]See Tex. R. App. P. 47.4.





[2]This is the State=s second motion to
proceed to adjudication.  In March 2007,
the State filed its first motion, and the trial court temporarily revoked
Rosales=s community supervision,
sentencing him to 122 days= confinement.