06-2494-cr
United States v. Dettelis

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the thirteenth day of April, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges,*
> STEFAN R. UNDERHILL,
> *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

      *Appellee,*

      -v.-                            No. 06-2494-cr

JOSEPH DETTELIS,

      *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Joseph Dettelis, Buffalo, NY, . *pro se.* |
| **FOR APPELLEE:** | Kathleen M. Mehltretter, United States Attorney (Stephan J. Baczynski, Assistant United States |

---

[*] The Honorable Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

Attorney, *of counsel*), Office of the United States Attorney for the Western District of New York, NY.

Appeal from a May 19, 2006 judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant-appellant Joseph Dettelis ("defendant") was convicted after a jury trial of eleven counts of willful assistance in the preparation of a false tax return in violation of 26 U.S.C. § 7206(2), five counts of making a false claim against the United States in violation of 18 U.S.C. § 287, and four counts of making materially false statements to an agency of the United States, in violation of 18 U.S.C. § 1001(a)(3). On May 10, 2006, the District Court imposed concurrent terms of imprisonment of 36 months for the eleven willful assistance counts and 50 months' imprisonment with respect to the other nine counts. Because defendant had been in federal custody for the period between his arraignment and sentencing, the 50-month term of incarceration expired less than eight months later, on January 3, 2007, after which defendant began serving his three-year term of supervised release. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

On appeal, defendant argues principally that (1) he was improperly detained before trial in violation of his constitutional rights; (2) his pretrial detention interfered with his ability to select counsel and with his constitutional rights so as to require a reversal of his conviction and dismissal of the charges against him; (3) his rights under the Speedy Trial Act were violated; (4) the District Court erred in denying his motion requesting a suppression hearing regarding the admissibility of evidence recovered from a search of his house; (5) the modifications to the terms of his supervised release were not valid; and (6) the District Court erred in other ways not specified in detail in defendant's brief.

As an initial matter, defendant's claims regarding his pretrial detention are made moot because he has completed his pretrial detention, as well as his prison sentence. "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (internal quotation marks and citations omitted). In *Murphy*, the Supreme Court noted that it is often "clear that under this general rule [a defendant's] claim to *pretrial* bail [i]s moot once he [i]s convicted. The question [i]s no longer live because even a favorable decision on it would not . . . entitle[ ] [a defendant] to bail." *Id.* at 481-82 (footnote omitted). Although in that case the Supreme Court held that there is an exception to the mootness rule for cases that are "capable of repetition, yet evading review," *id.* at 482, this exception does not apply in the instant case because we do not foresee in the near future that defendant will be in the same situation that is the subject of this appeal.

Defendant also claims that his Fifth and Sixth Amendment rights were violated when the magistrate judge ordered his detention pending trial. These claims are also without merit. Although pretrial detention may hamper a defendant's ability to retain the attorney of his choice and undoubtedly

2

makes communication with counsel and preparation for trial more cumbersome, without more, those consequences do not result in an interference of constitutional significance. *See Benjamin v. Fraser*, 264 F.3d 175, 187 (2d Cir. 2001) (noting that jail or prison regulations restricting defendants' access to their attorneys are unconstitutional "where they *unreasonably* burden[] the inmate's opportunity to consult with his attorney and to prepare his defense" (internal quotation marks omitted, emphasis added)); *United States v. Schmidt*, 105 F.3d 82, 89 (2d Cir. 1997) ("Because the right to counsel of one's choice is not absolute, a trial court may require a defendant to proceed to trial with counsel not of defendant's choosing.")

Additionally, any issues concerning defendant's entitlement to bail are moot, and defendant's Speedy Trial Act claim and his claim regarding his right to a suppression hearing are both waived. *See* 18. U.S.C. § 3162(a)(2) (failure of a defendant to move for dismissal prior to trial shall constitute a waiver of the right to dismissal); Fed. R. Crim. P. 12(e). Defendant's challenge to the modifications of his supervised release term is also barred because defendant did not file a notice of appeal within 10 days after the entry of the District Court's modification order. *See* Fed. R. App. P. 4(b)(1)(A).

## CONCLUSION

We have considered each of defendant's arguments on appeal and find them to be without merit. For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court