FILED
United States Court of Appeals
Tenth Circuit

June 29, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARTYE MADKINS, III,

Defendant - Appellant.

No. 15-3091
(D.C. No. 5:13-CR-40060-DDC-6)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.

Martye Madkins III appeals from the district court's denial of his motion for

release pending trial. Mr. Madkins, who has been detained since his arrest and

arraignment in the District of Kansas in June 2013, claims that his continued

detention violates both the Speedy Trial Act (STA), *see* 18 U.S.C. § 3164(b), which

requires trial of a person being held in pretrial detention within ninety days of his

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

detention, and his right to due process. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c).

While this appeal was pending, a jury was empaneled in the District of Kansas and trial was held on the outstanding charges. On June 23, 2015, the jury convicted Mr. Madkins on two counts of distribution of cocaine base. Mr. Madkins' sentencing is set for September 28, 2015, and he now remains detained pursuant to 18 U.S.C. § 3143, which governs release pending sentencing or appeal. In light of his conviction, Mr. Madkins' claim for the denial of pretrial release is now moot. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam).

Even a favorable decision would not entitle Mr. Madkins to pretrial release, nor would a decision that he "was unconstitutionally denied bail prior to trial . . . have any consequences with respect to his right to bail pending appeal and after conviction." *Id.* at 481 & n.5. And there is no "reasonable expectation or a demonstrated probability that the same controversy will recur involving [Mr. Madkins]." *Id.* at 482 (internal quotation marks omitted).

Accordingly, the appeal is dismissed as moot. In light of the court's independent conclusion that the appeal is moot, the government's motion to dismiss is denied as unnecessary.

Entered for the Court
Per Curiam
