**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NATIVE ECOSYSTEMS COUNCIL, a non-profit organization; ALLIANCE FOR THE WILD ROCKIES, a non-profit organization, | No. 14-35518 |
| | DC No. CV 13-0167 DLC |
| Plaintiffs - Appellants, | MEMORANDUM* |
| v. | |
| FAYE KRUEGER, in her official capacity as Regional Forester for the United States Forest Service, Region One; UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture; U.S. FISH & WILDLIFE SERVICE, an agency of the U.S. Department of Interior, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Argued and Submitted May 3, 2016
Portland, Oregon

Before:  TASHIMA, TALLMAN, and HURWITZ, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs-Appellants Native Ecosystems Council and Alliance for the Wild Rockies challenge a decision of the United States Forest Service (the "Forest Service") to remove certain trees from alongside public roads in the Gallatin National Forest in Montana. A portion of the forest was severely burned in a 2012 wildfire. The Forest Service, believing that dead and dying trees posed a hazard to users of the public roads, proposed the Millie Project to remove these trees.

The project area, however, included land designated as critical habitat for Canada lynx. After exhausting their administrative remedies Plaintiffs challenged the Millie Project in district court, arguing that the trees' removal adversely affected lynx and their critical habitat, in violation of the Endangered Species Act. The district court disagreed and granted summary judgment for the Forest Service.

While this appeal was pending, the Forest Service completed the Millie Project. The Service removed all hazardous trees from the project area as of November 24, 2014; all remaining activities associated with the project were completed or deemed unnecessary as of July 9, 2015. Accordingly, the government now argues that the case is moot. We agree.

An appeal becomes moot, and the court can no longer exercise its appellate jurisdiction, when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Nw. Envtl. Def. Ctr. v. Gordon*, 849

2

F.2d 1241, 1244 (9th Cir. 1988) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). "The basic question . . . is whether there is a present controversy as to which effective relief can be granted." *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (quoting *Gordon*, 849 F.2d at1244). It is the government's burden to prove mootness, s*ee Sierra Forest Legacy v. Sherman*, 646 F.3d 1161, 1192 (9th Cir. 2011), and "[t]he burden of demonstrating mootness is a heavy one," *Gordon*, 849 F.2d at 1244.

Here, the government has met its burden because no effective relief remains that can be granted. We cannot enjoin a completed project, and a declaratory judgment would have no practical effect.

Plaintiffs argue that under *Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059 (9th Cir. 2002), effective relief is still available because the Court could require the Forest Service to take steps to mitigate any damage caused by the project. That case, however, has no application here. In *Cuddy Mountain*, the plaintiffs asked the court to counteract ongoing, forest-wide effects of the Forest Service's actions. *Id.* at 1065-66. Here, there are no ongoing effects to counteract. Plaintiffs essentially ask us to order the Forest Service to complete the project *differently*, by leaving more downed trees on the forest floor to provide cover to traveling lynx. But the project has already been completed, the trees removed, and

3

no future action is contemplated. *See Feldman*, 518 F.3d at 643 (holding case was moot where plaintiffs did not "face a continuous, remediable harm that concretely affect[ed] their existing interests" (internal quotation marks omitted)). Because we can order no effective relief to remedy Plaintiffs' alleged injuries, we dismiss the appeal as moot.

Each side shall bear its own costs on appeal.

**DISMISSED.**