**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUTIQUIO ACEVEDO MENDEZ; et al., | No. 15-56090 |
| Plaintiffs-Appellees, | D.C. No. 2:13-cv-09042-SVW-AJW |
| and | |
| LOS ANGELES TIMES COMMUNICATIONS LLC; et al., | MEMORANDUM[*] |
| Intervenors-Appellees, | |
| and | |
| ACLU OF SOUTHERN CALIFORNIA; et al., | |
| Movants-Appellees, | |
| v. | |
| THE CITY OF GARDENA, Erroneously Sued As The City of Gardena; et al., | |
| Defendants-Appellants. | |

Appeal from the United States District Court

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted February 6, 2017
Pasadena, California

Before: KLEINFELD, IKUTA, and NGUYEN, Circuit Judges.

The City of Gardena, California (Gardena) appeals the district court's denial of a temporary stay pending appeal of a post-judgment order granting a motion to intervene and granting a motion to unseal certain evidence in the summary judgment record. We have jurisdiction under 28 U.S.C. § 1291 because the district court's post-judgment order "disposed completely of the issues raised in the post-judgment proceedings." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

On appeal, Gardena challenges only the district court's denial of a temporary stay pending appeal. Gardena concedes that its appeal is moot unless it falls within the exception for cases capable of repetition, yet evading review. To satisfy the "capable of repetition" prong of this doctrine, "there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam). Gardena failed to make such a showing; it did not attempt to demonstrate a reasonable expectation or probability of recurrence in its opening

2

brief, and it conceded at oral argument that it could not offer evidence that there is a reasonable expectation that it will be subject to the same action again. Accordingly, we cannot say that the issue presented here is capable of repetition, yet evading review, and we must dismiss the appeal as moot.

**DISMISSED**