**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUSTIN MAGHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff-counter-defendant-Appellant,<br><br>  v.<br><br>QUICKEN LOANS INC.,<br><br>    Defendant-counter-claimant-Appellee. | No.  15-55684<br><br>D.C. No.<br>2:14-cv-03840-DMG-FFM<br><br><br>MEMORANDUM[*] |
| JUSTIN MAGHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff-counter-defendant-Appellee,<br><br>  v.<br><br>QUICKEN LOANS INC.,<br><br>    Defendant-counter-claimant-Appellant. | No.  15-55892<br><br>D.C. No.<br>2:14-cv-03840-DMG-FFM |

---

  [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted February 17, 2017[**]
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and MURPHY,[***] District Judge.

Justin Maghen appeals the district court's ruling that Quicken Loans did not violate California Penal Code section 632.7(a) when it recorded two calls with Maghen on February 4, 2014, because Maghen consented to having the calls recorded. Quicken Loans appeals the district court's partial denial of its motion for summary judgment on its counterclaim, which sought a declaration that calls made for "service-observing" purposes are exempt from section 632.7(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We affirm the district court's grant of Quicken Loans' motion for summary judgment on the sole claim in Maghen's complaint. Maghen did consent to having Quicken Loans record the calls. We also affirm the district court's grant of Quicken Loans' motion for summary judgment on Quicken Loans' counterclaim,

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

to the extent it sought a declaration that Maghen consented to having the calls recorded.  We dismiss the remainder of Quicken Loans' counterclaim as moot.

**1.** Quicken Loans did not violate section 632.7(a), because Maghen consented to having the February 4, 2014 calls recorded.  California Penal Code section 632.7(a) punishes, "[e]very person who, without the consent of all parties to a communication, intercepts or receives and intentionally records . . . a communication" in which at least one party is using a "cellular radio telephone" or a "cordless telephone."  The plain language of the statute makes clear that, if all parties to the call consent to having the call recorded, the recording party does not violate section 632.7(a).  "A business that adequately advises all parties to a telephone call, at the outset of the conversation, of its intent to record the call [does] not violate [section 632.7(a)]."  *Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 930 (Cal. 2006).

Maghen admits that he agreed to LendingTree's Terms of Use and that the Terms of Use stated that one of LendingTree's "200 Network Lenders" may contact him by phone on a recorded line.  When the Quicken Loans employee called Maghen, he immediately informed Maghen that he worked for Quicken Loans and was calling about the refinancing inquiry Maghen had recently submitted online.  This information put Maghen on notice that Quicken Loans was

3

one of LendingTree's Network Lenders, and that the call might be recorded, "at the outset of the conversation." *See id.* By staying on the line after learning this information, Maghen demonstrated that he consented to having the calls recorded.

Moreover, during the first call, the Quicken Loans employee informed Maghen that "all of [Quicken Loans'] calls are recorded for quality assurance." Maghen replied by saying, "Okay." Thus, Maghen was informed, "at the outset of the conversation, of [Quicken Loans'] intent to record the call," *see id.*, and demonstrated his consent to having the call recorded by saying, "Okay." Maghen also consented to having the second call recorded, because he was informed during the first call that all of Quicken Loans' calls were recorded, he knew Quicken Loans was the party calling him, and he stayed on the line.[1]

**2.** The remainder of Quicken Loans' counterclaim is dismissed as moot. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726–27 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). Because Maghen consented to having the February 4, 2014 calls

---

[1] Because we conclude Maghen consented to having the phone calls recorded, we need not reach Quicken Loans' alternative argument that section 632.7 applies only to third parties to a call, and not to known parties to a call.

recorded, there is no longer a dispute over whether Quicken Loans violated section 632.7(a). Therefore, Quicken Loans no longer has a legally cognizable interest in its counterclaim, which asks us to declare that section 632.7(a) does not apply to calls made for "service-observing" purposes.[2] Where there is no longer an actual controversy between the parties, such a declaration would be an advisory opinion, which the Constitution does not empower federal courts to issue. *Golden v. Zwickler*, 394 U.S. 103, 108 (1969).

Each party shall bear its own costs on appeal.

**AFFIRMED.**

---

[2] This is not a case where the "capable of repetition, yet evading review" exception applies, because this is not a controversy that is of "inherently limited duration." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836–37 (9th Cir. 2014) (citations omitted). Even if this question has thus far evaded review, "there is no risk that future repetitions of the controversy will necessarily evade review as well." *Id.* at 837.