**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7361**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RANDALL J. KEYSTONE,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:18-cr-00013-JPJ-PMS-1; 2:19-cv-81390-JPJ)

Submitted:  February 18, 2020                 Decided:  February 21, 2020

Before MOTZ, HARRIS, and QUATTLEBAUM, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Randall J. Keystone, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randall J. Keystone seeks to appeal the district court's order dismissing as premature his 28 U.S.C. § 2255 (2018) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) (2018). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2018). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Keystone has not made the requisite showing.[1] Accordingly, we deny a certificate of appealability and dismiss the appeal.[2] We dispense with oral argument because the facts and legal

---

[1] To the extent Keystone's motion can be construed as a motion to review a pretrial detention order, 18 U.S.C. § 3145(b) (2018), the denial of which is immediately appealable, 18 U.S.C. § 3145(c) (2018), Keystone's conviction and sentence render his challenge moot. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982) ("It would seem clear that under this general rule [appellant's] claim to *pretrial* bail was moot once he was convicted.").

[2] Because the district court dismissed Keystone's § 2255 motion without prejudice as premature, he is not precluded from filing a timely § 2255 motion after his convictions and sentence become final.

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*