**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4299**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BOAKAI BOKER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:16-cr-00092-MOC-1)

Submitted:  February 20, 2020                    Decided:  March 23, 2020

Before NIEMEYER, HARRIS, and RUSHING, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Robert Carpenter, ALLEN STAHL & KILBOURNE, Asheville, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Boakai Boker appeals from his convictions following a jury trial for wire fraud, in violation of 18 U.S.C. § 1343 (2018) (Count 1); bank fraud, in violation of 18 U.S.C. § 1344(a)(2) (2018) (Count 2); making false claims to the Internal Revenue Service, in violation of 18 U.S.C. § 287 (2018) (Count 3); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (b) (2018) (Count 4). Boker's charges arose from a fraudulent scheme in which the Government alleged that he obtained individuals' personal identification information, filed false tax returns in their names, claimed illegitimate refunds, and deposited the resultant refund checks from the United States Treasury into accounts that Boker had fraudulently opened in the victims' names. On appeal, Boker argues that the magistrate judge violated his right to due process by failing to advise him during his initial appearance that Count 4 carried a mandatory sentence, and that the magistrate judge additionally erred by ordering his pretrial detention and by granting his request to proceed pro se. Boker further contends that the district court erred by denying his motion to suppress and by limiting his cross-examination of a witness. We dismiss in part and affirm in part.

I

Boker first contends that his due process rights were violated because the magistrate judge violated Fed. R. Crim. P. 5 by failing to advise him during his initial appearance that Count 4 carried a mandatory minimum term of imprisonment of two years. Because Boker raises this challenge for the first time on appeal, we review this claim for plain error.

2

*United States v. Jackson*, 706 F.3d 264, 270 n.2 (4th Cir. 2013); *see United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019) (discussing plain error standard).

Rule 5 does not require the district court to inform a defendant facing felony charges of the applicable minimum and maximum penalties at his initial appearance. *See* Fed. R. Crim. P. 5(d). Furthermore, the record demonstrates that Boker was aware, prior to the start of his trial, that Count 4 carried a two-year mandatory term of imprisonment, to run consecutively to any other sentence imposed. Thus, this claim is meritless.

II

Next, Boker challenges the magistrate judge's decision to order his pretrial detention. The Government argues that Boker is no longer subject to pretrial detention due to his conviction, so this challenge is moot. We agree. *See Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982); *United States v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013) (discussing mootness doctrine). Accordingly, we dismiss this portion of the appeal as moot.

III

Boker also contends that the magistrate judge erred in granting his motion to proceed pro se. Boker argues that his request to represent himself was essentially involuntary because neither of his court-appointed attorneys was willing to file certain motions that the attorneys believed were legally unsupportable but that Boker believed were necessary. "The Sixth Amendment guarantees to a criminal defendant the right to the assistance of counsel before he can be convicted and punished by a term of imprisonment" and "also protects a defendant's affirmative right to self-representation." *United States v. Ductan*, 800 F.3d 642, 648 (4th Cir. 2015). A defendant "may waive the right to counsel

3

and proceed at trial pro se only if the waiver is (1) clear and unequivocal, (2) knowing, intelligent, and voluntary, and (3) timely." *United States v. Bernard*, 708 F.3d 583, 588 (4th Cir. 2013). Ultimately, "the defendant should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *United States v. Bush*, 404 F.3d 263, 270 (4th Cir. 2005) (alteration and internal quotation marks omitted).[1]

The record demonstrates that the magistrate judge confirmed that Boker's decision to represent himself was clear, unequivocal, knowing, and voluntary. Despite understanding the penalties that would result from a guilty verdict and despite the magistrate judge's warnings about the disadvantages of proceeding without an attorney, Boker chose to represent himself. His disagreement with his attorneys' legal analyses does not render this decision involuntary. To the extent Boker challenges the appointment of his prior attorney as standby counsel, he "had no right . . . to a standby counsel of his choosing." *United States v. Cohen*, 888 F.3d 667, 680 (4th Cir. 2018). Accordingly, Boker's claims lack merit.

IV

Boker argues that the district court erred in denying his motion to suppress evidence obtained from his apartment during a search conducted pursuant to a warrant signed by a United States magistrate judge. "In considering the appeal of a denial of a motion to

---

[1] The parties disagree about the applicable standard of review. Because Boker's argument fails under either the plain error or abuse of discretion standard, we decline to resolve the dispute.

suppress, we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Bullette*, 854 F.3d 261, 265 (4th Cir. 2017) (internal quotation marks omitted). "We further construe the evidence in the light most favorable to the [G]overnment—the prevailing party below." *Id.* (internal quotation marks omitted).

At the suppression hearing, United States Secret Service Special Agent Matthew Hayes testified that after he, along with other law enforcement officers, conducted the search, he left with Boker a copy of the face sheet of the search warrant and an inventory of the items seized in the search. Hayes did not leave attachments A and B to the warrant—describing the premises to be searched and the items to be seized, respectively—nor did he leave the affidavit in support of his application for the search warrant. The district court denied Boker's motion to suppress, stating "that there is no requirement that a copy of the affidavit or the attachments which support the affidavit be served on the defendant . . . at the time of the search." (J.A. 552)[2]; *see* Fed. R. Crim. P. 41(f)(1)(C).

"There are two categories of Rule 41 violations: those involving constitutional violations, and all others." *United States v. Simons*, 206 F.3d 392, 403 (4th Cir. 2000). "Non-constitutional violations of Rule 41 warrant suppression only when the defendant is prejudiced by the violation or when there is evidence of intentional and deliberate disregard of a provision in the Rule." *Id.* (internal citations and quotation marks omitted). "[T]he Fourth Amendment is not offended where the executing officer fails to leave a copy of the search warrant with the property owner following the search . . . or fails even to carry the

---

[2] "J.A." refers to the joint appendix filed by the parties in this appeal.

5

warrant during the search." *United States v. Hurwitz*, 459 F.3d 463, 472 (4th Cir. 2006) (internal citation omitted).

Here, the district court credited Agent Hayes' testimony that he left a copy of the face of the warrant and an inventory of the items seized in the search, *see* Fed. R. Crim. P. 41(f)(1)(C), but that he did not leave attachments A and B to the warrant or the affidavit in support of his application for the search warrant. Even assuming *arguendo* that a violation of Rule 41 occurred, Boker has offered no evidence or argument, in the district court or on appeal, that this nonconstitutional violation was intentional or prejudicial. Accordingly, we conclude that the district court did not err in denying Boker's motion to suppress.

V

Finally, Boker contends that the district court abused its discretion by cutting short a statement Boker made while cross-examining Agent Hayes at trial. "We review . . . evidentiary rulings for abuse of discretion." *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018). We further review evidentiary rulings for harmless error and will not reverse the district court's ruling so long as "we can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Id.* (internal quotation marks omitted). Our review of the record leads us to conclude that the district court did not abuse its discretion in this regard.

VI

Accordingly, we dismiss as moot Boker's challenge to his pretrial detention order and affirm the district court's judgment. We dispense with oral argument because the facts

6

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*